### 11328.   POWELL *v.* THE STATE.

BROYLES, C. J.   1. Under the facts of the case the court did not, for any reason assigned, err in excluding from the evidence two indictments against a third person.

2. As the name of the witness is not given in the 6th and 7th grounds of the motion for a new trial, complaining of the admission of certain testimony, these grounds can not be considered.

3. The 8th ground of the motion for a new trial is not complete in itself, a reference to the preceding ground being necessary to understand it. Under repeated rulings of the Supreme Court and of this court, such a ground can not be considered by this court.

4. The several excerpts from the charge of the court complained of, when considered in connection with the entire charge, contain no material error.

5. Under the "indeterminate-sentence act" of 1919 (Ga. L. 1919, p. 387), the jury must prescribe a minimum and a maximum term of imprisonment which is within the minimum and maximum terms prescribed by law.   In the instant case the defendant was convicted of assault with intent to murder, and the punishment for that offense is fixed by the Penal Code as imprisonment and labor in the penitentiary for not less than two years nor longer than ten years.   The verdict was as follows: "We, the jury, find the defendant guilty, to serve in the penitentiary for a term of not less than ten years nor over ten years."   The jury, by this verdict, prescribed a minimum and maximum term of imprisonment which was within the minimum and maximum terms prescribed by law, as required by the statute, and the exceptions to the verdict are without merit.

6. The verdict was amply authorized by the evidence, and the court did not err in overruling the motion for a new trial.

> *Judgment affirmed.   Luke and Bloodworth, JJ., concur.*
>
> DECIDED MAY 12, 1920.

Indictment for assault with intent to murder; from Macon superior court — Judge Littlejohn.   January 12, 1920.

The indictments referred to in paragraph 1 of the decision were against Andrew Rumph, and in the motion for a new trial it was contended that they were admissible as evidence (1) for the purpose of impeaching Doc Newsome, the prosecutor in this case,

(2) because they threw light on the defendant's contention that the pistol used in shooting Doc Newsome Jr. (whom the defendant was charged with shooting) belonged to Andrew Rumph, (3) because they threw light on the defendant's contention that the shooting was not by him but by Rumph, and (4) because they contradicted the testimony of Rumph, who testified for the State in this case. The part of the motion which describes the indictments is as follows: "The court erred in refusing to permit the defendant to introduce in evidence the two indictments of the State of Georgia vs. Andrew Rumph, one of which charged Andrew Rumph with carrying a concealed pistol, and the other . . with carrying a pistol to the church, both indictments being returned to the November term, 1919, of Macon superior court; and in the case of carrying a concealed weapon Doc Newsome Sr., a witness in the instant case was the only witness marked as testifying before the grand jury." To show the materiality of the indictments the movant sets out answers of Doc Newsome on cross-examination in this case, in which he said that he "did not swear before the grand jury that Andrew Rumph carried a pistol to Stella Chapel," and did not swear before the grand jury that Andrew Rumph had a concealed pistol "there on that occasion;" also testimony of Rumph that he did not have a pistol "there on that occasion."

*Hatcher & Smith, John B. Guerry,* for plaintiff in error.
*Jule Felton, solicitor-general,* contra.