23819. BLACKWELL *v.* SAWTELL.

STEPHENS, J. 1. A conclusion of fact by a pleader which is not authorized by any inference from the facts alleged upon which the conclusion is based is insufficient as an allegation of the fact alleged in the conclusion. *Southern Railway Company* v. *Covenia,* 100 *Ga.* 46 (29 S.

E. 219, 40 L. R. A. 253, 62 Am. St. R. 312); *Blackstone* v. *Central of Ga. Ry. Co.*, 105 *Ga.* 380 (31 S. E. 90).

2. A notice given by a tenant to the landlord that the "east end" of a porch which runs the length of two rooms across the house has become "shaky" and is in a "dangerous condition," with a request to the landlord "to repair said porch and put the east end of said porch in a safe condition," is not sufficient to charge the landlord with notice of, or with negligence in failing to discover, a defective latent condition in the west end of the porch which consists in the boards of the west end of the porch "having become rotted underneath." No inference is authorized from the facts alleged that an inspection by the landlord of a defective condition of the east end of the porch would, in the exercise of ordinary care and diligence by him, have led to a discovery of the latent defect consisting of the alleged rotten condition of the boards at the west end of the porch. The allegation in the petition, in a suit by a person alleged to have received personal injuries as a result of the alleged negligence of the defendant landlord in failing to repair the alleged defective condition at the west end of the porch, after notice as alleged to the defendant of the condition at the east end of the porch, that the defendant was negligent in failing to repair the alleged defect at the west end of the porch, is a mere conclusion of the pleader not based upon any facts which would authorize such an inference. *Hendrick* v. *Muse*, 48 *Ga. App.* 295 (172 S. E. 661).

3. The petition failed to set out a cause of action, and the general demurrer thereto was properly sustained.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 20, 1934.

*Edgar Chambers Jr.*, for plaintiff. *Ellis & Bell*, for defendant.

