29434. PIDCOCK, receiver, *v.* STRIPLING.

DECIDED FEBRUARY 28, 1942.

*E. L. Smith,* for plaintiff in error.

*J. W. Dennard,* contra.

FELTON, J. A. M. Stripling sued C. W. Pidcock Jr., in a justice's court, as receiver of the Georgia, Southwestern and Gulf Railroad, for the loss of three hogs allegedly destroyed by the negligent operation of a train of the railroad company. The summons alleged that the Georgia, Southwestern and Gulf Railroad Company was a railway corporation of Georgia with an office and agent in the district wherein the suit was filed, and was operated under a receivership in the superior court of Dougherty County, Georgia, and that the defendant, on October 16, 1940, while running its train from Cordele to Albany, and near the eleven-mile post in Crisp County, did carelessly and negligently run said train into and over three hogs of petitioner of the value of $75, killing said hogs and damaging plaintiff in the amount of $75 for which he prayed judgment. The defendant demurred to the summons, the grounds insisted on being: 1. The same is vague and indefinite in that it does not appear that the defendant has an agent or office in said district upon whom service can be made, but that the railway corporation has an office and agent instead. 2. The same is vague and indefinite in that it does not appear whether the action is a suit against the receiver or the railroad company. 4. The gross value of $75 is demurred to on the ground that it appears there were three hogs killed, but the same are not itemized or the value of the hogs stated separately so as to enable the defendant to make answer thereto. The defendant also filed an answer in which he denied all the allegations of the summons. The magistrate overruled the demurrers and found for the plaintiff the amount sued for. The defendant's certiorari was overruled and he excepted.

■ It was not error to overrule the demurrers to the summons. With reference to the first two grounds of the demurrer, the court properly overruled them for the reason that the defendant appeared and plead in answer to the summons, and will not be heard to say that since the railroad is operated by a receiver the receiver and the railroad are not one and the same for the purposes of the suit. The authority of the receiver arises by virtue of the receivership, and his duty with reference to suits is to act in the

place of the duly-constituted officers of the railroad corporation during the term of the receivership. It is not necessary that the receiver have an office in the district in which the suit is brought, nor is it necessary to allege that he has one. It is sufficient to allege that the railroad operated by the receiver has an office on which service can be perfected. The first and second grounds of the demurrer are without merit. Nor is there any merit in the fourth ground, the third ground having been abandoned. The rule as to strictness of pleading required in superior and city courts has no application to justices' courts. *G. S. & F. Ry. Co.* v. *Oliver,* 6 *Ga. App.* 308 (64 S. E. 1007). The summons is sufficient if it puts the defendant on notice of what he is being sued for, so that he may intelligently defend.

■ The other question for decision is whether or not the evidence authorized the finding for the plaintiff. Upon proof that the animals were killed by the operation of the train by the defendant, the presumption arose that their deaths were caused by the negligence of the defendant. Code § 94-1108. This presumption was of course rebuttable. The plaintiff testified that he was in a field about half a mile from where the hogs were killed when he heard the train whistle blow; that it blew for some time but the train did not stop; that in his opinion if the engineer had seen the hogs when he first blew the whistle and kept blowing it until he struck the hogs he would have had time to stop the train before striking them.

The fireman who was on the engine when the hogs were killed testified for the defendant that where the hogs were killed there was a long stretch of straight track, and that he could have seen the hogs if they had been on the track; that he was sitting on the left side of the engine looking out; that there were no hogs on the track as the train approached the spot where they were killed; and that the three hogs ran out of some bushes from the right side of the track on to the track in front of the engine; that the engineer blew his whistle and applied his brakes; that when the hogs were first seen the train was too close to them to stop the train, which was traveling at a speed of twenty-five miles per hour; that a train running at that speed could stop in two car lengths.

There was other evidence that the hogs were killed and that the place where they were killed was on the steepest grade between

Cordele and Albany. In his answer to the writ of certiorari the magistrate adopted all of the above testimony, and answered that the fireman of the train also testified: "The first time I saw the hogs they were in a huddle in the middle of the railroad track about as far from the locomotive as from where I sit to the door over there." (Indicating door in court room.) In view of the fact that this court has no way of knowing where the case was tried, nor the distance from the witness to the door indicated, this court can not say as a matter of law that the distance indicated by the witness was such a short distance as to render it impossible to stop the train after the hogs were first seen by the fireman. It at least raises a possibility of a conflict in his testimony; and since he was on the side of the engine away from the side he first testified the hogs approached the track from, in the absence of any testimony of the engineer, who was on the side nearest the hogs, we can not say that the railroad has rebutted the presumption that the hogs were killed by its negligence. There was no evidence as to what the engineer was doing, or whether he saw or could have seen the hogs in time to stop the train before striking them. It was not error for the court to overrule the certiorari.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*