30686. MARTIN *v.* HOME OWNERS LOAN CORPORATION *et al.*

Decided February 17, 1945.

*Esther L. Martin,* pro se.
*John W. Crenshaw,* for defendants.

Parker, J. The plaintiff sued the defendant on account of the latter's having foreclosed a deed to secure debt held by it against property of the plaintiff in the City of Atlanta. The superior court, after the petition had been amended several times, sustained the defendant's renewed general and special demurrers to the petition as amended and dismissed the action. The plaintiff excepted and carried her case by writ of error to the Supreme Court. The Supreme Court transferred it to this court, holding that all

equity features had been abandoned or eliminated before the judgment was rendered sustaining the demurrers and dismissing the action. This leaves for our consideration the sufficiency of the allegations and prayers respecting alleged damages sustained because of the defendant's alleged wrongful acts in violating a rental-assignment contract relating to payments on her loan, and in foreclosing the deed to secure debt. See *Martin* v. *Home Owners Loan Corporation,* 198 *Ga.* 288 (31 S. E. 2d, 407), for a more extended summary of the substance of the plaintiff's allegations as finally set out.

The prayers of the petition as finally amended, after the elimination of all equity features by the ruling of the Supreme Court, were as follows: "(b) For a recovery of such actual damages as have been sustained from the alleged wrongful acts . . (d) for a recovery of the difference between the highest market value of the property between the date of the wrongful sale and the date of the action, less the true amount found to be due on the loan; and (e) for additional damages on account of the humiliation caused by the defendant's wilful wrongs." The defendant's general and special demurrers alleged that the petition was largely conclusions of the pleader, and was duplicitous in that damages were claimed because of alleged libelous acts in one paragraph, and damages claimed for matters constituting a breach of contract in other paragraphs; and that various parts of the petition were vague and obscure, and other parts related merely to matters of proof rather than pleading and should be stricken as surplusage and irrelevant.

A primary rule of pleading in the superior court is that a plaintiff shall plainly, fully, and distinctly set forth the cause of action in his petition. Code, § 81-101; *Everell* v. *Tabor,* 119 *Ga.* 128 (46 S. E. 72); *Nance* v. *Daniel,* 183 *Ga.* 538 (189 S. E. 21). "The same precision is not required in equity pleadings that is exacted at law." *Cothran* v. *Scanlan,* 34 *Ga.* 555. Ambiguous pleadings are construed unfavorably to the pleader. *Holbrook* v. *Norcross,* 121 *Ga.* 319 (48 S. E. 922). "Where pleadings do not make distinct and positive allegations, but are ambiguous or couched in alternative expressions, on demurrer they will be given that construction which is most unfavorable to the pleader." *Baggett* v. *Edwards,* 126 *Ga.* 463 (55 S. E. 250). "It is an elementary rule of construction, as applied to a pleading, that it is to be

construed most strongly against the pleader." *Moore* v. *Seaboard Air-Line Ry. Co.,* 30 *Ga. App.* 466 (118 S. E. 471); *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867); *Central of Georgia Ry. Co.* v. *Lawley,* 33 *Ga. App.* 375 (4 a) (126 S. E. 273). The plaintiff's allegations: "Although she [the petitioner] was performing said contract and was not subject to be foreclosed against . . in that said loan . . was in good standing in so far as petitioner was informed . . [and] . . although there was no default by petitioner for a period of (90) ninety days . . and although petitioner was performing all undertakings on her part to the apparent satisfaction of the defendant," are mere conclusions of the pleader. *Wade* v. *Eason,* 27 *Ga. App.* 388 (3) (108 S. E. 481). And "mere general conclusions without specific facts on which they are based will constitute no cause of action." *Butler* v. *Dublin,* 191 *Ga.* 555 (4) (13 S. E. 2d, 362), and cit. The petition as finally amended contains no "well-pleaded" facts to show that the defendant's foreclosure and subsequent proceedings and transactions were without cause or in breach of the agreements between the petitioner and the defendant, and we hold that the petition was subject to the demurrers interposed, and that the court did not err in sustaining the demurrers and dismissing the action.

*Judgment affirmed.* *Sutton, P. J., and Felton, J., concur.*