31516, 31528.  FOWLER *v.* WESTERN & ATLANTIC RAIL-
ROAD; and *vice versa.*

Decided April 10, 1947.  Rehearing denied May 9, 1947.

*Arnold, Gambrell & Arnold, Hal Lindsay, J. G. Roberts,* for plaintiff:

*Sam J. Welsch, Walton Whilwell,* for defendant.

FELTON, J. ■ In the course of the cross-examination of the witness, D. V. Hipp, by counsel for the railroad, he testified: "There is a limitation on those passes that provides that a person, the holder of that free pass or free ticket as it is called, releases the

company from all liability to the person or property of the person who uses the pass on the train, and they are all alike." The plaintiff objected to the answer and moved to rule it out on the ground (1) the witness had shown by his other testimony that he had never seen all the passes issued and could not have known what they contained; (2) on the ground that the witness had testified that other persons than the witness issued passes and that the plaintiff was not working with the witness at the time of the issuance of the pass and (3) on the ground that if the witness had seen the pass he could not be allowed to testify to what it contained, inasmuch as the pass itself would be the best evidence of what language or printed matter the pass contained and secondary or oral evidence of what it contained was not admissible. In view of our rulings hereinafter the admission of this evidence was harmless.

■ The court refused to admit in evidence the following reports of employees of the N. C. & St. L. Railroad, showing the condition of engine No. 559 after inspection and repairs: (1) Dated September 22, 1944; Repairs needed. Engine pounding, riding rough. Signed A. L. Sims, Engineer. The above work has been performed except as noted and the report is approved. Signed Quillen, foreman. (2) Report dated September 23, 1944, showing certain defects and repairs, containing statement, "Engine has bad pound;" (3) Report dated September 24, 1944, showing defects and repairs containing statement, "Engine pounding both sides." The court did not err in refusing to admit these reports in evidence. It could not be ascertained from the reports whether or not the pounding of the engine was evidence of any specific allegation of negligence contained in the petition and there was no other evidence in the case tending to show that the pounding of the engine was relevant on the subject. The reports alone were no more than mere speculation.

■ On the cross-bill, it was error to admit in evidence, for the reason stated in the foregoing division, a report dated September 23, 1944, showing, "12347 both intermediate drivers cutting crown brass; 12019 center pilot brace loose."

■ It appears from the evidence without contradiction that the plaintiff was not engaged in the duties of his employment and within the scope of his employment at the time of his injury. It

follows that neither the State nor the Federal Employers' Liability Act is applicable. 45 U. S. C. A., § 51, p. 118; Code, § 66-401; Sassaman v. Pennsylvania Railroad Co., 144 Fed. (2d), 950. The action falls under Code, §§ 18-204 and 94-702 as will be demonstrated, for the reason that the plaintiff was a passenger at the time of his injury. The plaintiff was traveling without the payment of fare and it is immaterial whether he was technically "riding on" a pass or not. In either event he was using the privilege of transportation without the payment of fare in connection with and as an incident to his employment and for the benefit of himself and his employer whether the privilege was expressly a part of the contract of employment or not. It is what occurred that is vital, and not for what particular reason. According to the weight of authority if not the unanimous holdings of the authorities the facts bring the plaintiff into the status of a passenger for hire. Sassaman v. Pennsylvania Railroad Co., supra; McNulty v. Pennsylvania Railroad Co., 182 Pa. 479 (38 Atl. 524, 38 L. R. A. 524, 61 Am. St. R. 721); Doyle v. Fitchburg Railroad Co., 162 Mass. 66 (37 N. E. 770, 25 L. R. A. 157, 44 Am. St. R. 335); and see annotation, 19 L. R. A. (N. S.) 718. The test is whether it can be reasonably inferred that the employment was an inducement for the pass. See the Sassaman case for a history of so-called "free" passes. The facts of this case meet the test. While the texts imply conflicting rules regarding injured "employees" riding without the payment of fare to and from work, the actual authorities show that there are two separate and distinct rules. They are: (1) Where the employee is so riding and is at the time engaged in and within the scope of his employment he is regarded as an employee, and (2) where he is an employee generally but while so riding is not engaged in his duties and not within the scope of his employment he is regarded as a passenger. 10 Am. Jur. § 973, p. 37, 38; 19 L. R. A. (N. S.) 717, 718; 79 Am. St. R. 813; 87 Am. St. R. 283; 13 Ann. Cas. 889, 890; 61 Am. St. R. 725. The rulings to the effect that the employee riding without the payment of fare, to or from work, is a passenger comport with the spirit of the law of this State for the reason that since the Code of 1863, § 2054, Code of 1910, § 2751, it has been the law that: "Railroad companies are common carriers, and liable as such. As such companies necessarily may have many employees who can-

not possibly control those who should exercise care and diligence in the running of the trains, such companies shall be liable to such employees as to passengers for injuries arising from the want of such care and diligence." This law has been applied to employees within the scope of their employment while riding on trains. *Carswell* v. *Macon, Dublin & Savannah R. Co.*, 118 *Ga.* 826 (45 S. E. 695), and cases cited. This section was omitted from the Code of 1933 evidently upon the idea that it was repealed by the act of 1909, Code of 1933, § 66-401. We see no inconsistency between the two laws and no obvious intention on the part of the legislature in adopting the Code of 1933 to change the law. So, whether the plaintiff was riding on his pass or not he was a passenger for hire and if he was riding on a pass and it contained a limitation of liability as to injuries to him such a limitation was void. Code, § 94-702.

If a person travels *gratuitously* by virtue of the so-called "free" pass and there is sufficient evidence that he had released the company from all liability for injuries to him caused by the company, he would be barred of recovery. *Wright* v. *Central of Georgia R. Co.*, 18 *Ga. App.* 290 (89 S. E. 457) ; *Holly* v. *Southern Railway Co.*, 119 *Ga.* 767 (47 S. E. 188) ; *Charleston & Western Carolina Ry. Co.* v. *Thompson*, 13 *Ga. App.* 528 (80 S. E. 1097), reversed, 234 U. S. 576 (34 Sup. Ct. 964, 58 L. ed. 1476) ; *Lanier* v. *Bugg*, 32 *Ga. App.* 294 (123 S. E. 145) ; *Brooks* v. *Bugg*, 34 *Ga. App.* 761 (131 S. E. 365). In those cases, however, the person was in fact traveling gratuitously. In the *Wright* case the plaintiff was returning to his home from the hospital; in the *Holly* case the plaintiff was clearly traveling gratuitously and was not an employee of the company; in the *Thompson* case the wife of an employee was using the pass and as to her the pass was a gratuity; in the *Lanier* case the plaintiff was traveling for purposes of his own; in the *Brooks* case the contract between the telegraph company and the railroad provided that the railroad would provide transportation to the employees of the telegraph company "when traveling on the business of the company," and the evidence showed that the plaintiff was traveling on an enterprise of his own. Such circumstances were not present in this case. The evidence shows that the plaintiff was on his way to his work, and whether or not the pass contained a limitation upon the company's

liability, the plaintiff's right of recovery is not barred, for where a servant performs all his services at a fixed place, doing no service for the master on the train, he is to be treated as a passenger while the master is carrying him to and from work as a part of his employment. See cases collected in 13 Ann. Cas. 889; and see 19 Yale Law Journal, page 57, where the author stated, "The weight of authority appears to be that an employee of a railroad traveling on a pass to and from work is a passenger," citing Doyle v. Fitchburg R. Co., supra; McNulty v. Pennsylvania R. Co., supra; nor did the passage of the Hepburn Act, 49 U. S. C. A. § 1 (7) alter this rule as to employees by a general prohibition against free passes. For an extensive and scholarly consideration of the very points involved in the instant case, see Sassaman v. Pennsylvania R. Co.

Assuming that the pass here involved is an interstate pass the Federal Courts have held that all passes designated as "free" are not actually gratuitous and that when they are not gratuitous the employee or person riding on one is a passenger. In *Charleston & Western Carolina Railway Co.* v. *Thompson,* supra, it was held that a pass issued to a member of an employee's family was a gratuity. It was there stated: "the law did not contemplate his work as a conventional inducement for the pass." In Norfolk Southern R. Co. v. Chatman, 244 U. S. 276 (37 Sup. Ct. 499, 61 L. ed. 1131, L. R. A. 1917 F, 1128), it was held that a pass to a caretaker of livestock although free to him, was not a gratuity even though it was issued to him under the same kind of exception in the Hepburn Act as applied to an employee, and that the caretaker was a passenger for hire. In Sassaman v. Pennsylvania R. Co., supra, the court applied the rule of the Chatman case to a pass issued to an employee to use in going to or from work and held that the employee was a passenger for hire and that the employer could not limit its liability as against its negligence as to such employee. While there was no evidence in that case that the furnishing of the pass was an express consideration in the contract of employment the court stated: "If, in such circumstances, it was necessary for him, because of the Hepburn Act, to pay his fare in order to preserve his right to reasonably safe conduct by the carrier, it is only reasonable to infer that his additional travel expense would have called for a compensating increase in his wage

or the carrier might have been deprived of his services." The testimony of a fellow-employee who did not hire the plaintiff or issue the passes to the effect that the passes were issued solely as a convenience to the employees is a conclusion and does not alter the case. The Sassaman case gives some of the history of the Hepburn Act as showing the intent of Congress but we shall simply make reference to it rather than repeat it here. If the court granted a nonsuit on the ground that the railroad was released from liability it was error for the reasons stated.

5. "In all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars of such companies shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the companies in reference to such injury." Code, § 94-1108. If the plaintiff introduced no evidence tending to support the allegations of negligence contained in the petition the proof of injury from the operation of the train would be sufficient to carry the case to the jury unless the plaintiff's evidence showed non-liability on the part of the defendant as a matter of law. _Western & Atlantic Railroad_ v. _Gray,_ 172 _Ga._ 286, 306 (157 S. E. 482) ; _Savannah & Western R. Co._ v. _Phillips,_ 90 _Ga._ 829 (5) (17 S. E. 82) ; _Georgia Power Co._ v. _Watts,_ 56 _Ga. App._ 322 (192 S. E. 493) ; _Parrish_ v. _Southwestern R. Co.,_ 57 _Ga. App._ 847 (197 S. E. 66) ; _Collier_ v. _Pollard,_ 60 _Ga. App._ 105 (2 S. E. 2d, 821) ; _Pidcock_ v. _Stripling,_ 66 _Ga. App._ 692 (19 S. E. 2d, 178). The evidence in this case does not show that the defendant was not liable as a matter of law and the grant of a nonsuit was error.

The court erred in admitting in evidence the report shown in division 3 of this opinion; and the court erred in granting a nonsuit.

_Judgment reversed on main bill and on cross-bill._ _Sutton, P. J., and Parker, J., concur._