32016. WESTERN & ATLANTIC RAILROAD *v.* FOWLER.

208

DECIDED MAY 6, 1948.   REHEARING DENIED MAY 31, 1948.

*Walton Whitwell, Sam J. Welsch,* for plaintiff in error.

  *Guy Roberts, Hal Lindsay, Frank Swift, Arnold, Gambrell & Arnold, A. C. Latimer,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The witnesses for the defendant who were asked about the cause of the derailment testified that they did not know the cause. Counsel for the defendant insists that the cause is unknown.

The derailment of a locomotive and train is such an event as in the ordinary course of things would not have occurred if the defendant had used ordinary care. The petition alleged that the defendant was negligent in that said train, without the interference of a third party or outside agency, was caused to leave the tracks on which it was running and become wrecked beside the tracks. We are not called upon to decide whether this allegation would have withstood a special demurrer. None was interposed to it. The evidence clearly showed that the train was proceeding southward until it reached a point approaching the overhead bridge immediately north of Marietta; that it was being operated by a servant, the engineer, of the defendant, and that it suddenly and without the interference of a third party or outside agency left the tracks on which it was running and became wrecked beside the tracks. In the absence of demurrer parties are entitled to prove their pleadings as laid. See *Clark* v. *Bandy*, 196 *Ga.* 546 (27 S. E. 2d, 17). Negligence may be shown by circumstances as well as by direct testimony, and a jury may in some instances presume negligence from the mere happening of an event. In such a case all the circumstances and surroundings accompanying the event should be considered; and if it is such an event as in the ordinary course of things would not have occurred if the defendant had used ordinary care, negligence may be presumed, and place upon the defendant the burden of explaining the cause of the occurrence. See *Central of Georgia Ry. Co.* v. *Blackman*, 7 *Ga. App.* 766 (supra). The evidence authorizes and supports the verdict of the jury on the general grounds as related to the allegations of paragraph 7 of the petition.

All the remaining allegations of negligence contained in the petition are supported by some evidence except the allegation contained in paragraph 9 thereof, which will be discussed later in this decision. The verdict is therefore supported by some evidence. It has the approval of the trial judge. It will therefore not be disturbed by this court as to the general grounds of the motion for a new trial. See Code (Ann.), § 70-202, and cases under catchwords "Any evidence" and "Approval."

■ Special ground IV of the amended motion for a new trial complains because the court charged the jury as follows: "I

charge you that if you should find that the train in question in this case, without the interference of any third or outside party, was caused by the defendant to leave the tracks on which it was running at the time and place in question and become wrecked beside the tracks, and that this was negligence and the proximate cause of the plaintiff's injuries, if any, then it would be your duty to return a verdict for the plaintiff unless you should find he is barred from a recovery by some other rule of law which the court has given you or will give you in charge."

This charge is in the substantial language of a paragraph of the petition relied upon by the plaintiff for recovery in this case. The same is undemurred to. We have discussed the right of the plaintiff to prove the allegations of his petition as laid in the first division of this decision, reference to which is now made for the authority in support thereof. It necessarily follows that if the plaintiff has the right to plead a ground for a recovery, which he has in the absence of demurrer, and has the right to prove it, which he has if pleaded, it is not error for the court to charge the jury accordingly. In support of these contentions of the defendant, counsel rely upon these cases: *Lawrence* v. *Ga. Ry. & Elec. Co.*, 9 *Ga. App.* 309 (71 S. E. 593); *Palmer Brick Co.* v. *Chenall*, 119 *Ga.* 837 (5, 6) (47 S. E. 2d, 329); *Central of Georgia Ry. Co.* v. *Leonard*, 49 *Ga. App.* 689 (3a) (176 S. E. 137); *Blackwell* v. *Sawtell*, 49 *Ga. App.* 561 (176 S. E. 668); *Martin* v. *Home Owners Loan Corp.*, 72 *Ga. App.* 115 (33 S. E. 2d, 175). The *Lawrence* case and the *Central of Georgia Ry.* case hold that where a general allegation refers to special allegations the latter will be treated as amplification of the former. The *Palmer Brick Co.* case holds that a petition for damages containing only general allegations of negligence is subject to general demurrer. The *Blackwell* case holds that a recovery can not be based on a petition stating mere conclusions unsupported by facts. The *Martin* case holds that a petition, construed most strongly against the plaintiff, does not plainly and distinctly set forth a cause of action, but is ambiguous and couched in vague expressions, and when deleted of the conclusions of the pleader therein contained, sets forth no cause of action and is subject to demurrer.

In the instant case the petition is undemurred to and the alle-

gation relied upon forms a ground for recovery independent of the remaining allegations of negligence. See *Central of Ga. Ry.* v. *Blackman,* supra.

■ Special ground V complains because the court charged the jury as follows: "The law also directs that it is your duty, where it can be done, to reconcile conflicting evidence, if there be such evidence in the case, so that all the witnesses shall be made to speak the truth and perjury will be imputed to none of them. But if there should be any evidence in this case in such irreconcilable conflict that that can not be done, then it is your right and province to believe that which to you may seem most reasonable and most credible, and settle the issues by the greater weight or preponderance of the evidence."

This excerpt from the charge is contended to be error because that part of it, "and settle the issues by the greater weight or preponderance of the evidence," is contended to place upon the defendant a greater burden than required by law to avoid liability; that the law places upon the plaintiff the obligation of establishing his right to recover by a preponderance of the evidence instead of requiring the defendant to do so, and that the charge in effect would require the defendant to carry this burden.

Elsewhere in his charge the court fully defined the preponderance of evidence and charged on the burden of proof. Applying these parts of the charge to that above set forth and contended to be error, the jury could only conclude that if there should be an irreconcilable conflict in the testimony, they would believe that which seemed most reasonable and credible, and thereupon determine whether or not the plaintiff had proved his case by a preponderance of the evidence. The court is not required to charge different principles of law in the same sentence or paragraph. See *Pollard* v. *Harris,* 51 *Ga. App.* 899 (181 S. E. 593); *Davis* v. *Whitcomb,* 30 *Ga. App.* 503 (15b) (118 S. E. 418).

■ Special grounds VI, X, and XIV of the amended motion for a new trial are considered together.

Special ground VI complains because the court charged the jury as follows: "I charge you that if you should find that the driving wheels and driving machinery of said locomotive were generally worn, defective and out of repair, and that the driving wheels were so worn that the driving rods in operation tended

to cause the wheels to wobble and rendered them likely to spread the rails of the track or jump the rails of the track and cause a derailment and that this was negligence and the proximate cause of the derailment and plaintiff's injuries, if any, you should return a verdict for the plaintiff."

Special ground X complains because the court charged the jury as follows: "I charge you further, however, gentlemen, that a person after becoming a passenger upon a railway passenger train, if he does become a passenger, does not cease to be such and become a trespasser or licensee by failing to go into a passenger coach and going into a baggage car if the conductor or other person in charge of the train is consenting thereto and there is nothing to show that the conductor is exceeding his authority. If he went into the baggage car under such circumstances the carrier would still owe him the duty of extraordinary diligence for his safety. However, I charge you that whether the act of the passenger in going into the baggage car amounts to such negligence as would bar a recovery for injuries received by him therein is a question to be determined by the jury. While the fact that a passenger went into the baggage car with the knowledge and consent of the conductor would not justify the passenger in ignoring an obvious danger the fact that he went there under such consent might be considered with the other facts and circumstances in determining whether or not the passenger was negligent, and also the degree of negligence, if you should find that the danger incident to his presence in the baggage car was not obviously so great that a person of ordinary prudence would not voluntarily have exposed himself thereof [thereto ?]. If you should find that there was danger incident to his presence in the baggage car, and that by doing so the plaintiff was guilty of a lack of ordinary care for his own safety, then he could not recover."

Special ground XIV complains because the court charged the jury as follows: "The plaintiff alleges that the defendant was negligent in that said train was being operated at an excessive rate of speed around a curve at the time and place in question and alleges that it was being operated at the time at a speed of about 55 or 60 miles per hour. I charge you that if you find that the train, at the time and place in question, was being

operated at an excessive rate of speed around a curve and that this constituted negligence and was the proximate cause of the derailment and the plaintiff's injuries, if any, the plaintiff would be entitled to a verdict in his favor unless barred from recovery under some other rule of law which the court will hereafter give you in charge."

These excerpts from the charge are contended to be error on the ground that they are not supported by the evidence. Two of the excerpts are founded on paragraphs 9 and 11 of the petition. Paragraph 11 of the petition is amply supported by the evidence and the charge is authorized. The excerpt complained of herein which is assigned as error in ground X of the amended motion for a new trial is a correct statement of the law and authorized both by the pleadings and the evidence. Paragraph 9 of the petition is not supported by the evidence. Although not given in the exact language thereof, these excerpts substantially constitute written requests to charge, on the part of counsel for the defendant, duly submitted to the trial judge before the case went to the jury. Construing the charge as a whole these requests were substantially given. A party will not be heard to complain of instructions given at his request. See *Laing* v. *Bodiford,* 25 *Ga. App.* 460 (supra); *Welch* v. *State,* 49 *Ga. App.* 389 (supra); *Coleman* v. *State,* 141 *Ga.* 737 (4) (supra).

■ Special ground VII complains because the court charged the jury as follows: "Now this suit, gentlemen, is based by the plaintiff upon the alleged negligence of the defendant. That is to say, the plaintiff claims he was injured, and injured by the negligence of the defendant. And in his petition he specifies the particulars in which he charges that the defendant was negligent in that he claims that the defendant was negligent in that said train, without the interference of a third party or outside agency, was caused to leave the tracks on which it was running and become wrecked beside the tracks at said location. That the defendant was negligent in that the right intermediate driving wheel was so worn that it was loosened on its axle before the accident and was loose at the time the accident occurred. That the defendant was negligent in that the driving wheels and driving machinery of said locomotive were generally worn, defective and out of repair, the driving wheels being so worn

that the driving rods in operation tended to cause the wheels to wobble and render them likely to spread the rails of the track or jump the rails of the track and cause a derailment. That said failure to have said locomotive in repair was a violation of the Federal Safety Appliance Act and constituted negligence as a matter of law. That the defendant was negligent in that said train was being operated at an excessive rate of speed around a curve, it being operated at the time, as the plaintiff alleged, at a speed of about 55 or 60 miles per hour. And when you come to pass upon the question of whether or not the defendant was negligent you will be confined to those specifications in which the plaintiff charges negligence. You would not be authorized to go outside and inquire whether the defendant was or was not negligent in some other or in any other manner than in the particulars thus alleged. The law being that if the plaintiff recovers he must recover upon his case as it is presented to the court and jury in his petition."

Parts of the excerpt from the court's charge contended to be error in this ground of the amended motion for a new trial are also assigned as error in special grounds IV, VI, IX, and XIV, and reference is made to our discussion of those grounds of the amended motion for a new trial in divisions 2, 4, and 7 of this decision for further amplification thereof.

The excerpt here is contended to be error because it is insisted (1) the jury would be authorized thereunder to find the defendant guilty of negligence not specified in the petition even though not guilty of the negligence alleged in the petition, and (2) because it would authorize the jury to find against the defendant based upon the allegations contended in paragraphs 8 and 9 of the plaintiff's petition, it being contended that paragraphs 8 and 9 of the petition are unsupported by evidence.

That part of this excerpt from the charge which refers to paragraph 9 of the petition is also assigned as error in special ground VI of the amended motion for a new trial and is discussed in division 4 of this decision. That part which refers to paragraph 8 of the petition wherein it is alleged that the defendant was negligent in that the right intermediate driving wheel was so worn that it was loosened on its axle before the accident and was loose at the time the accident occurred is supported by some

evidence. Also, since the excerpt complained of expressly contains the provision that the jury would not be authorized to go outside and inquire whether the defendant was or was not negligent in some other or in any other manner than in the particulars alleged, but are confined to those specifications in which the plaintiff charges negligence, that part of the excerpt here complained of which is considered in this division of the opinion is not error for either of the reasons assigned.

■ Special ground VIII complains because the court charged the jury as follows: "I charge you, gentlemen, that if the plaintiff, Fowler, is otherwise entitled to recover in this case, the fact that he carried with him a pass issued by the defendant company with a form of release printed on the back of it purporting to relieve the company from liability from personal injuries to Fowler, would not bar him from recovery. If an employee of a railroad company is riding on a pass on a train of his employer going to his work, a limitation printed thereon purporting to relieve the railroad from liability on account of any negligence of the railroad is void, and such limitation does not bar the employee from recovering from the railroad, if there be such negligence."

This excerpt from the charge is contended to be error because it is insisted by counsel for the defendant that the charge would authorize the jury to find in favor of the plaintiff if he were injured as the result of any negligence proximately causing his injuries by the railroad; that the charge would authorize the jury to go outside the negligence alleged in the petition of the plaintiff and base their verdict on negligence other than that charged in the petition. It is not contended by counsel for the defendant that the charge is an incorrect statement of the law relating to the status of the plaintiff on the train as a passenger, and the liability of the defendant to him as such, irrespective of the printed matter on the back of his pass to the contrary. As held in this case when previously before this court, the foregoing charge is a correct statement of the law regarding the particular subject-matter herein outlined. See *Fowler* v. *Western & Atlantic R.*, 75 *Ga. App.* 156 (42 S. E. 2d, 499).

In the excerpt herein complained of as error the court qualified his charge relating to the pass and the printed matter thereon

by including in the excerpt the provision, "that if the plaintiff Fowler is otherwise entitled to recover in this case." Moreover, the court elsewhere charged the jury that they would not be authorized to go outside and inquire whether the defendant was or was not negligent in some other or any other manner than in the particulars alleged, but are confined to those specifications in which the plaintiff charges negligence. We think the jury could not have been misled by these instructions. See *Ga. Ry. & Power Co.* v. *Shaw, Garvin* v. *State, Pollard* v. *Harris, Davis* v. *Whitcomb,* supra. This assignment of error is without merit.

■ Special ground IX and that part of special ground VII relating to the Federal Safety Appliance Act are considered together.

Special ground IX complains because the court charged the jury as follows: "I charge you that there is a Federal statute providing that it shall be unlawful for any carrier, and that includes a railroad of the type of the defendant in this case, engaged in interstate commerce, to use or permit to be used on its line any locomotive, unless the locomotive, its boiler, tender, and all parts and appurtenances thereof are in proper condition and safe to operate in the service to which the same are put, that the same may be employed in the active service of such carrier without unnecessary peril to life or limb. It is admitted that the defendant in this case was engaged in interstate commerce. The provisions of this act, therefore, would be applicable in this case. And if you find that any of the parts or appurtenances of the locomotive were out of repair or out of condition as charged in the petition and that such was the proximate cause of the plaintiff's injuries, if any, the plaintiff would be entitled to a verdict in his favor, unless barred under some other rule of law which the court will hereafter give you in charge."

This excerpt from the charge is contended to be error because movant insists that the charge authorized the jury to find that parts or appurtenances of the locomotive were out of condition as charged in the petition, they contending that there is no material competent evidence in support of any allegations to this effect; that if there is any evidence on which the jury could have found that parts or appurtenances of the locomotive were

out of condition (which is denied), it is insisted that there is no evidence that such conditions of the parts or appurtenances of the locomotive proximately caused the plaintiff's injuries, if any. This ground of the amended motion for a new trial specifically refers to paragraph 8 of the petition in which it is alleged that the right intermediate driving wheel was so worn that it was loosened on its axle before the accident and was loose at the time the accident occurred. There is evidence to support the allegations of paragraph 8, and the jury was authorized to find that this condition contributed to or caused the derailment. The charge was not error for the reason assigned.

A part of special ground 7 consists of an exception to an excerpt from the charge of the court relating to the Federal Safety Appliance Act as follows: "Now this suit, gentlemen, is based upon the alleged negligence of the defendant . . and in his petition he specifies the particulars in which he charges that the defendant was negligent in that he claims the defendant was negligent . . that said failure to have said locomotive in repair was a violation of the Federal Safety Appliance Act and constituted negligence as a matter of law . . and when you come to pass upon the question of whether or not the defendant was negligent you will be confined to those specifications in which the plaintiff charges negligence. You would not be authorized to go outside and inquire whether the defendant was or was not negligent in some other or any other manner than in the particulars thus alleged. The law being that if the plaintiff recovers he must recover upon his case as it is presented to the court and jury and his petition. Now I charge you that the plaintiff is not required to prove all of his allegations of negligence. Proof of any one or more of them would be sufficient." That part of this excerpt relating to the Federal Safety Appliance Act and complained of in special ground VII of the amended motion for a new trial, is contended to be error because the court failed to quote said statute to the jury, or fully and accurately state its provisions. The statute is not set forth in the ground of the amended motion for a new trial, nor is the manner it is contended the court should have charged it set forth therein. This part therefore of special ground VII of the amended motion for a new trial, although complaining that the

court omitted to charge a required principle of law fully and accurately, fails to set out what should have been charged and is therefore not complete within itself as required. See *Powell v. State,* 25 *Ga. App.* 329 (3) (103 S. E. 174); *Avery* v. *Graham,* 26 *Ga. App.* 161 (2) (105 S. E. 708). In the instant case reference to no part of the record will reveal what movant insists the court should have charged.

■ Special grounds XI and XII are considered together.

Special ground XI contends that the court erred in overruling the defendant's objections to the introduction of the deposition of S. E. Field. The objections in substance are that the deposition shows on its face that the witness was, prior to 1939, a locomotive engineer on the Southern Railroad between Atlanta and Macon, with no familiarity with the Western & Atlantic Railroad and with the Western & Atlantic equipment; that he experienced only one derailment and did not know what caused it; that the deposition shows he is unfamiliar with the lateral and bushing allowance by the I.C.C.; that all the questions asked him were about something he obviously could not know; all the questions asked him were in reference to what act or acts could, in his opinion, produce a derailment, which were matters not in evidence in this case; that his answers are conclusions based on conditions unsupported by the evidence.

The deposition of S. E. Field discloses: that he is a retired railroad engineer, and that he had had 32 years experience as an engineer and fireman on the Southern Railroad between Macon and Atlanta; that 8 years of this experience was as fireman and the remainder as an engineer; that he had operated locomotives of the same type as the one involved in the wreck in the instant case; that during his service he had occasion to handle locomotives under practically all operating conditions, including emergency conditions; that he is familiar with the running gear and running parts of a locomotive; that in his opinion if the intermediate side rod of the engine was broken approximately 2 feet from the main pin, stud part of the crank pin, that could in the running of the locomotive tend to cause a derailment; it would be such as would make the engine more likely to derail; that could occur either on a straight or a curve; that if an intermediate driving wheel on the locomotive slipped

outwardly 2 inches, this would tend to cause a derailment; that if there were indications in operation in the key slot of a slight turning movement of the wheel, that would tend to cause a derailment; that if the driver box lateral was below the limit from the front engine track wheel, that would tend to cause a derailment; that upon examination of the picture of a railroad track which indicates a sharp curve, a train traveling toward the person looking at the picture more than 40 miles an hour, would be traveling at an unsafe speed; that 50 miles an hour is an unsafe speed and 55 miles an hour is an unsafe and dangerous speed.

Special ground XII contends that the court erred in overruling the defendant's objection separately made to certain portions of the deposition of S. E. Field. The evidence objected to was the conclusions the witness reached that certain acts or conditions substantially as alleged in paragraphs 8, 9, and 11, if present would tend to cause a derailment. The grounds of the objections were as follows: (1) That said witness showed by his own evidence that he was not skilled on the subject of derailments and their causes, and was not qualified to state the points conclusively expressed in said evidence; and (2) that there was no evidence upon which to base the opinions and conclusions so expressed by the witness.

No particular questions and answers as contained in the deposition of the witness S. E. Field are set out in either of these grounds of the amended motion for a new trial as having been specifically objected to. In *Macon, Dublin & Savannah R. Co. v. Anchors*, 140 *Ga.* 531, 536 (2) (79 S. E. 153), the following is held: "Where testimony is objected to in bulk and upon examination it appears that part of it was admissible the order of the court overruling the objection will not be reversed if any part of the evidence was not open to the objection made." The objections therefore go to the whole deposition of this witness on the grounds as set out in these two special grounds of the amended motion for a new trial.

The right of litigants to rely upon the testimony of locomotive engineers as expert witnesses in this State has been upheld. See *Southern Ry. Co. v. Blanton*, 59 *Ga. App.* 252 (3) (200 S. E. 471). In *Southern Ry. Co. v. Wessinger*, 32 *Ga. App.* 551 (1)

(supra), the following is held: "The opinions of experts, on any question of science, skill, trade, or like questions, are always admissible; and such opinions may be given on the facts as proved by other witnesses. The testimony of an expert, as to his opinion as such, is admissible upon any matter, if the opinion given relates to scientific or technical knowledge. The court did not err in allowing a witness of nine years experience as an engineer to give his opinion as to what would cause described violent and unusual jerking of the 'reverse lever,' as an appliance upon engines in general, although he was not acquainted with the particular kind of gear, affecting the operation of such lever, with which the engine was equipped whereon, by the jerking of such lever, the plaintiff suffered the alleged injury for which he sued."

Code § 38-1710, provides as follows: "The opinions of experts, on any question of science, skill, trade or like questions shall always be admissible; and such opinions may be given on the facts as proved by other witnesses."

The weight of expert testimony is a question for the jury. See *McClendon* v. *State*, 7 *Ga. App.* 784 (supra). The qualifications of an expert are addressed to the sound discretion of the court. See *Hines* v. *Hendricks*, 25 *Ga. App.* 682, 688 (supra).

In the instant case the court did not abuse his discretion in holding the witness S. E. Field qualified to testify as an expert; the opinion to which he testified as to what would tend to cause a derailment, a part of which at least being based on facts supported by the testimony of other witnesses in the case. No special objection was made to any particular opinion of the witness which was based on facts not supported by the testimony of other witnesses.

Special grounds XI and XII are therefore without merit.

■ Special ground XIII contends that the court erred in sustaining the plaintiff's objection to certain evidence offered by the defendant as follows: L. L. Gilstrap, a witness for the defendant, was asked the question by counsel for the defendant, "Did you get any complaint from anybody on the engine that morning, while you were riding on it about its being defective?" Objection was made and sustained and error assigned thereon. This ground of the amended motion for a new trial failed to set

out what answer was expected. The exceptions here seem to be also to the question and answer immediately preceding the question hereinbefore quoted, which is as follows: "Q. Were there any defects that were noticeable to you in the condition of the engine, defects which might produce a derailment?" "A. No, sir, she sounded normal in every way to me." However, this question and answer are not treated as a part of the assignment of error for the reason that the brief of evidence discloses that this part of· the testimony of L. L. Gilstrap was submitted to the jury. The latter part of the assignment of error in this ground of the amended motion for a new trial is without merit because the same fails to specify the answer expected to the question, or that the trial judge was given this information and therefore fails to point out what evidence was excluded from the jury. These facts are also not disclosed by the record. See *Garrett* v. *State,* 20 *Ga. App.* 749 (supra); *Pelham Phosphate Co.* v. *Daniels,* 21 *Ga. App.* 553 (supra); *Smith* v. *State,* 119 *Ga.* 113 (1) (supra).

■ Special ground XV complains because the court failed to charge the jury, upon timely request, as follows: "I charge you that if you find that the defendant was guilty of one or more acts of negligence alleged in plaintiff's petition resulting in injury to the plaintiff and you further find that some of the injuries, if any, complained of in his petition are due to causes and conditions with which defendant had no connection ·and you are unable to determine, without indulging in speculation or guesswork, what injuries complained of in the petition resulted from some other cause, it would be your duty to return a verdict in favor of the defendant as the law does not permit you to make a verdict arrived at by speculation and guesswork."

The defendant in its answer set up the defense that prior to the· derailment the plaintiff had suffered from a disease and from injuries which are the cause of his present disabilities. This defense was fully covered in the charge of the court, both in stating the contentions of the parties and in giving to the jury in charge the law applicable thereto. It is unnecessary for us to pass upon the question of whether or not the request unduly emphasizes the contentions of the defendant to the point of becoming argumentative. It is enough to say that the defense

to which this request relates was amply and properly submitted to the jury by the trial court in his charge.

■ Special ground XVI complains that the verdict is so excessive as to justify the inference of a gross mistake under the evidence, indicate undue bias against the defendant, and is such as to shock moral sense, and indicate that the jury was actuated by undue influence or improper motives.

The verdict is for $10,000. The jury was authorized to find the plaintiff to be permanently and totally disabled from earning. At the time of the derailment he was earning approximately $1800 per year. He had an expectancy of over 28 years. The jury was authorized to find any part or all of his disabilities due to injuries sustained in the derailment. They were authorized to find that he suffered severe physical pain for many months. As to what amount should be awarded for pain and suffering, the law prescribes no exact mode of computation, but declares that it must be reasonable, and the jury should apply an enlightened and impartial conscience to its determination. *Southern Cotton Oil Co. v. Skipper*, 125 *Ga.* 368, 372 (54 S. E. 110).

There is nothing in the record to indicate that the verdict is excessive or that the jury reached it through mistake, or that they were actuated by bias against the defendant, or by any undue influence or improper motives. The amount of the verdict has the approval of the trial court. This ground of the amended motion for a new trial is without merit.

The judgment of the trial court overruling the motion for a new trial as amended is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*