FRANK A. PALMER, Respondent, v. THE PRESIDENT, MAN-AGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, Appellant.

While a railroad company is not an insurer of the safety of its passengers, it is bound to use a high degree of skill and vigilance to guard against accidents. This vigilance is to be exercised in seeing that its road and the appliances used in operating it are and remain in good condition, and free from defects. A latent defect which will relieve it from liability is such only as no reasonable degree of skill and foresight could guard against or discover.

Statement of case.

The view which a carrier of passengers may have of what is or is not essential, by way of inspection of its road and appliances, is not necessarily conclusive, although entitled to consideration, upon the inquiry as to whether the system is adequate to the requirement of vigilance.

*It seems* the same degree of care and watchfulness are not alike requisite as to all of the various portions of the machinery and appliances.

The question as to what is the requirement of duty in regard to frequency of examination is dependent upon the liability to impairment, and the consequences which may be apprehended as the result of defective condition.

Whether the system and the manner of its execution are all that may be required of the carrier cannot be measured by any rule of law to be applied by the court, but ordinarily must, in view of the circumstances appearing by the evidence, be one of fact.

In an action to recover damages for injuries received by plaintiff while a passenger on one of defendant's trains, it appeared that the engine broke loose from the train, the speed of which was suddenly slacked by operation of the air brakes, and plaintiff was struck in the eye by the end of the bell rope, which was attached to the engine and was rapidly drawn through the cars. Plaintiff proved that the severance was caused by the breaking of the spindle of the draw-bar on the forward end of the car next to the engine; that this spindle was an iron rod an inch and five-eighths in diameter, and at the point where it broke there was a flaw three-fourths of an inch in depth. Defendant proved that the spindle, when on the car, was not accessible to observation or inspection, and gave evidence tending to prove that for the purpose of an examination it was necessary to put the car in the shop and take out the draw-bar, which it was not customary to do frequently; that the spindle and draw-heads of the bar had been renewed two years before; that they were made of the best wrought iron, and the vibration and strain was not such when the car was in use as to require frequent examinations; that such a spindle had never been known to break by use, and that the period of availability of a car for use is ordinarily twenty-five years. The court submitted to the jury the question whether defendant had failed to perform its duty in regard to inspecting the draw-bar so as to ascertain whether it was, or remained, in suitable condition for use. *Held*, no error.

Reported below, 46 Hun, 486.

(Argued March 10, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made December 1, 1887, which affirmed a judgment in favor of the plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

*Edwin Young* for appellant.   The degree of care required
in the inspection of any particular part of the apparatus of a
car, is proportioned to the necessary or probable injurious con-
sequences resulting from failure to inspect. (*Kerrigan* v. *Hart*,
40 Hun, 391.)   The court erred in charging the jury that it was
their "duty to say whether the defendant should have taken
the car to the shop and taken it apart to inspect it," and
"whether defendant was guilty of negligence in failing to do
so." (13 N. Y. 9 ; 18 id. 534 ; 34 id. 9 ; 44 id. 478 ; *Kelly* v.
*N. Y. & S. B. R. R. Co.*, 109 id. 45 ; *Lafflin* v. *B. & S. W.
R. R. Co.*, 106 id. 136 ; *Black* v. *M. R. R. Co.*, 25 N. Y. S. R.
590, 594 ; *Palmer* v. *P. R. R. Co.*, 19 id. 493 ; *Dongan* v.
*C. T. Co.*, 56 N. Y. 1 ; *Hayes* v. *F. S. S. R. R. Co.*, 97 id. 259.)

*A. J. Parker, Jr.*, for respondent.   The court properly denied
the motion for nonsuit. (*Seybolt* v. *N. Y., L. E. & W. Co.*, 95
N. Y. 562.)   Negligence is presumed when an injury results
from the breakage or defective condition of any of the appli-
ances of a railway used in the carrying of passengers, or in
the method of their use, or when the injury results from the
defective condition of its roadways, bridges, rails or cars, or
its mode of operating them. (*Holbrook* v. *U., etc., R. R. Co.*,
12 N. Y. 236 ; *Bowen* v. *N. Y., etc., R. R. Co.*, 18 id. 408 ;
*Curtis* v. *R., etc., R. R. Co.*, Id. 534 ; *Wilkie* v. *Bolster*, 3 E. D.
Smith, 327 ; *Ware* v. *Gray*, 11 Pick. 106 ; *Brignoli* v. *C., etc.,
R. R. Co.*, 4 Daly, 182 ; *Brehn* v. *G. W. R. R. Co.*, 34 Barb.
256 ; *Edgerton* v. *N. Y., etc., R. R. Co.*, 39 N. Y. 229 ;
*Caldwell* v. *N. J. S. Co.*, 47 id. 282 ; *Roberts* v. *Johnson*, 58
id. 613 ; *Mullen* v. *St. John*, 57 id. 567 ; *Seybolt* v. *N. Y.,
etc., R. R. Co.*, 95 id. 562 ; 24 Wkly. Dig. 334 ; 2 Wood on
Railway Law, 1095 ; *B. & O. R. Co.* v. *Noell*, 32 Grat. 394 ;
*P. & R. R. Co.* v. *Reynolds*, 88 Ill. 418 ; *Lamon* v. *Chauslor*,
68 Mo. 356 ; *Railway Co.* v. *Lowery*, 36 Ohio St. 418 ;
*R. Co.* v. *Walrath*, 38 id. 461, 463, 466 ; *Dawson* v. *M.
R. R. Co.*, 5 L. T. [N. S.] 682 ; *Burke* v. *M. R. R. Co.*,
22 L. T. 442 ; *Yerkes* v. *K., etc. P. Co.*, 7 Mo. App. 265 ;
*E. P. Co.* v. *Defries*, 94 Ill. 598 ; *N. O., etc., R. R. Co.* v.

*Allbritton*, 38 Miss. 242; *Skinner* v. *L.*, etc., *R. Co.*, 5 Exch. 786; *T.*, etc., *R. R. Co.* v. *Baggs*, 85 Ill. 80; *Meir* v. *P. R. R. Co.*, 64 Penn. St. 225; *Scott* v. *L. & S. C. D. Co.*, 3 H. & C. 596; *T. Co.* v. *Downer*, 11 Wall. 129; *Robinson* v. *N. Y. C. & H. R. R. R. Co.*, 20 Blatch. 338; *Bowen* v. *N. Y. C. R. R. Co.*, 18 N. Y. 408; *Curtis* v. *R.*, etc., *R. R. Co.*, Id. 534; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 568; *Caldwell* v. *N. J. S. Co.*, 47 N. Y. 291; *Egerton* v. *N. Y. & H. R. R. Co.*, 39 id. 227; *Frank* v. *Otis*, 24 Wkly. Dig. 334.) The *onus* being thus cast upon the defendant, it failed entirely in establishing the exercise of due care. It had never inspected the draw-bar to ascertain its condition. (*P. Co.* v. *Roy*, 102 U. S. 451; *Hegeman's Case*, 13 N. Y. 9; *Curtis' Case*, 18 id. 534; *Deyo's Case*, 34 id. 9; *McPadden's Case*, 44 id. 478; *Carroll Case*, 58 id. 126; 2 Wood's R. R. Law, 1055; *Hegeman* v. *W. R. R. Co.*, 13 N. Y. 9; *Ingalls* v. *Bills*, 9 Metc. 1; *Meir* v. *P. R. R. Co.*, 64 Penn. St. 225; *N. Bank* v. *C. Bank*, 103 U. S. 668; *Hart* v. *H. R. R. R. Co.*, 80 N. Y. 622.) Where evidence which has been stricken out on motion, is preserved in the record, and it appears from its inspection that its admission would not have affected the propriety of the decision, the propriety of excluding it will not be considered on appeal. (*Deering* v. *Starr*, 118 N. Y. 665.)

BRADLEY, J. On September 17, 1885, while going at the rate of twenty or twenty-five miles per hour, the locomotive engine drawing a train upon defendant's railroad, was severed from the cars, the speed of which suddenly slacked by the operation of the air brakes; and the plaintiff, being a passenger in one of the cars, was struck over his eye and injured by the end (said to be metallic) of the bell rope which, being attached to the engine, was rapidly drawn through the cars. The plaintiff had the burden of proving a state of facts from which it might be inferred that his injury was occasioned by the negligence of the defendant, and for that purpose it was made to appear that the severance of the engine from the train, was

caused by the breaking of the spindle of the draw-bar on the forward end of the car next to the engine. The purpose of this bar, by means of the draw-head or coupling apparatus forming part of it, was to ·connect the cars together as a train, and the one next to the engine to it, and when it broke there was nothing to support the connection. There was evidence given on the trial sufficient to justify the inference of negligence of the defendant. (*Curtis* v. *R. & S. R. R. Co.*, 18 N. Y. 534; *Edgerton* v. *N. Y. & H. R. R. Co.*, 39 id. 227; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 562; *Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 id. 297.) With a view to relief against the imputation of negligence, it was proved that the spindle, when on the car, was not accessible to observation or inspection, and the defendant gave evidence tending to prove that, for the purpose of its examination, it was necessary to put the car into the shop and take out the draw-bar, which it was not customary to do very frequently, and that the spindles and draw-heads of this car were renewed in 1883; and the reason given for not deeming it necessary to overhaul and examine this apparatus more frequently was, that it was made of the best wrought iron, and that its vibration and the strain upon it in its use are not such as to require it; that, so far as appears by the evidence, the spindle of the draw-head of a car had not been known before to break by the use made of it in running trains; and that while the period of availability of a car for use is ordinarily twenty-five years, this spindle had been in the car only two years when it gave way. If the defendant was required to exercise ordinary care only, in maintaining in a condition of safety its appliances used in running its trains, it would not be chargeable, upon the facts proved, with liability for the plaintiff's injury.

But while a railroad company is not an insurer of the safety of its passengers, it is bound to use a high degree of skill and vigilance to guard against accidents which may be attended with injurious consequences to them. This duty is not discharged without the utmost care and diligence which human prudence and foresight will suggest to secure the safety of its passengers.

And this vigilance is to be exercised by the company to see that its road and appliances used in operating it, are and remain in good condition and free from the defects ; and a latent defect which will relieve it from responsibility is such only, as no reasonable degree of human skill and foresight could guard against. (*Hegeman* v. *Western R. R. Co.*, 13 N. Y. 9 ; *Bowen* v. *N. Y. C. R. R. Co.*, 18 id. 408 ; *Brown* v. *N. Y. C. R. R. Co.*, 34 id. 404 ; *Caldwell* v. *N. J. S. Co.*, 47 id. 282 ; *Penn. Co.* v. *Roy*, 102 U. S. 451.) This measure of responsibility is deemed essential to the proper protection of passengers, who must necessarily rely wholly upon the precautionary care and diligence of the carrier so far as their safety depends upon the condition of the road, and the means provided for their conveyance. The evidence warranted the conclusion that the broken appliance, which in the present case was the cause of the injury complained of, was defective, and that if it did not become so by its use upon the car it was so when put on it. The witnesses did not agree about its apparent condition at the time it broke. But evidence on the part of the plaintiff tended to prove that at the point where it severed, there was a flaw in the spindle three-fourths of an inch in depth. Such a flaw would extend nearly half way through the spindle, which was a round bar of iron one inch and five-eighths of an inch in diameter. This necessarily weakened it, and permitted the inference that such imperfect condition was the cause of its breakage. Assuming that this flaw existed, it is not unreasonable to suppose that it may have been in the iron when it was put on the car, and that although the car had afterward been in use on the road for two years, the spindle may not have been subjected to the peculiar strain which severed it until the time in question. When it was made to be put upon the car, the duty was to apply the known tests to ascertain whether it was in all respects fit for the purpose it was intended to serve ; and if in consequence of the failure to do so the defect was not discovered and the accident occurred, the defendant was responsible. That question was considered in the *Hegeman* and *Caldwell Cases* before cited. There

was some evidence tending to prove that tests might be success-
fully applied by skilled workers in iron to discover a flaw in a
wrought iron bar, that while this could be done when it was made,
it would afterward be more difficult to do it satisfactorily to dis-
close a flaw concealed within it and not coming to the surface,
without impairing the bar in other respects. There was evi-
dence warranting the inference that the flaw in this one had no
surface covering. It did not necessarily appear by the evidence
whether this was a flaw produced in the process of manufac-
ture of the spindle, or a fracture resulting from its use on the
car. In view of the situation, the trial court submitted to the
jury the question whether the defendant had failed to perform
its duty in not taking the bar out of the car, and by proper
means, inspecting it with a view to ascertain whether it was
or remained in suitable condition for use, and to this part of
the charge the defendant's counsel excepted. It may be
assumed for the purposes of the question that no inspection
had been made of this spindle during the two years it had
remained on the car, and that the removal and examination
of it were not within the system of inspection adopted by
the defendant. The view which a carrier of passengers may
have of what is or is not essential by way of inspection of
its road and appliances, is not necessarily conclusive, although
entitled to consideration upon the inquiry whether the system
is adequate to the demand of duty upon the vigilance of the
company. The same degree of care and watchfulness are
not alike requisite to all of the various portions of the
machinery and appliances. The apparent necessity for fre-
quency of examination, is somewhat dependent upon the lia-
bility to impairment and the consequences which may be
apprehended as the result of defective condition. But whether
the system and the manner of its execution, are all that may be
required of the carrier cannot be measured by any rule of law
to be applied by the court. It must in view of the circum-
stances appearing by the evidence, be one of fact for the jury
to determine upon proper instructions relating to the degree
of care imposed upon the company; and while it is true that

the question of fact so presented is somewhat speculative in the sense that it is not measured by any definite rule, it must nevertheless become a matter of judgment to be expressed by the jury and founded upon the evidence. They have found that the defendant did not use that care which it should have exercised to ascertain that the draw-bar was not in suitable condition; and that if it had performed its duty in that respect the accident would not have occurred. It cannot be said that the continuance of the connection with the engine or with each other of the cars of a train, is not essential to the safety of passengers, or that serious injury may not be within apprehension as the result of such disconnection while in rapid motion. It is, however, urged that the earlier rule adopted by the court as to the degree of vigilance required of a railroad company in the conveyance of passengers, is not sustained by the later adjudications, and reference is made to some cases. It may be observed that those so cited do not relate to the machinery or the appliances and apparatus, which constitute and sustain the operative means of conveyance and transportation, but to other structures provided by the carrier and the manner of their construction, and to which a less degree of care is applicable. Such are the cases of *Hayes* v. *F. S. S. & G. S. F. R. R. Co.* (97 N. Y. 259); *Lafflin* v. *B. & S. W. R. R. Co.* (106 id. 136); *Kelley* v. *N. Y. & S. B. R. R. Co.* (109 id. 44); *Palmer* v. *Penn. Co.* (111 id. 488); *Kelly* v. *M. R. Co.* (112 id. 443). The general doctrine of the earlier cases in this state on the subject does not seem to have been modified by the later ones, but has quite uniformly been approved so far as applicable. (*Coddington* v. *B. C. R. R. Co.*, 102 N. Y. 66.)

The evidence was such as to present a question of fact for the jury and to require its submission to them. We think there was no error in the portion of the charge above mentioned, and that none of the exceptions were well taken.

The judgment should be affirmed.

All concur, except POTTER, J., not sitting.

Judgment affirmed.