SENGEL v COLUMBUS & SOUTHERN OHIO ELECTRIC CO.

Ohio Appeals, 2nd Dist, Franklin Co

No 3326. Decided Sept 23, 1941

Mayer & Mayer and Sam Topolosky, for plaintiff-appellant.

Burr, Porter, Stanley & Treffinger, Columbus, for defendant-appellee.

**OPINION**

By .HORNBECK, J.

Plaintiff's action was for damages for personal injuries suffered by her as a passenger on the electric trolley bus of the defendant company resulting from shattered glass from a window to the left and alongside of the seat immediately in front of the seat upon which plaintiff was riding. The glass was broken when the window was struck by a snowball thrown by some person unknown to the parties.

After issues were drawn the cause came on to be tried to a jury and after the opening statement of counsel for plaintiff, upon motion of defendant the trial judge directed a verdict in its behalf.

It is and was the claim of plaintiff that it was the obligation of the defendant in the exercise of the degree of care owing to her to place safety glass in the window of its coach through which the snowball was hurled.

We have had some difficulty in reconciling the exact claim of the plaintiff.

The brief cites and considers at length §§12629-1, 12629-2 and 12629-3 GC. At page 6 it is said:

"Plaintiff-appellant is not attempting to extend or ask this court to extend §12629-1 GC to electric trolley coaches."

And at page 4:

"The plaintiff-appellant is not relying on the common law duty of a common carrier to its passengers."

If the plaintiff has said what she intended to say, it is that there is no statutory obligation enjoined upon the defendant to equip the windows in its busses with safety glass, nor any common law obligation upon it so to do.

The position of counsel for plaintiff, as we understand it upon oral presentation, was that the obligation of the defendant company as a carrier to the plaintiff, its passenger, upon the application of the principles of common law, required it to equip the windows in its busses with safety glass; that the legislation upon the subject, §12629-1, et seq., enjoining the obligation upon operators of motor vehicles to equip such conveyances with safety glass, is evidence of the proper and approved practice essential to safety in the operation of busses such as those operated by the defendant company.

At the outset it may be said that under §12629-1, in the light of the exception of §12629-3, the defendant is not required by statute to equip the win-

dows of its trolley busses with safety glass.

A trolley bus is not a motor vehicle as defined in the foregoing mentioned sections. **City of Dayton v De Brosse, 62 Oh Ap 232, 29 Abs 354.**

The rule is stated respecting the duty of a carrier towards its passengers in respect to the furnishing of cars and equipment as follows:

13 C. J. S., Par. 741:

"Generally the duty of a carrier involves the exercise of the highest degree of care in furnishing cars and appliances which are safe. The carrier is not, however, charged with the duty of providing and maintaing vehicles or appliances in such condition as absolutely prevent injuries to passengers and generally, if the cars and appliances adopted by it are of the most approved type in general use by others engaged in similar occupation, its duty in this respect is sufficiently performed."

Supporting this statement of the rule are cited **Gorman v City of Cleveland, 26 Oh Ap 109,** and **Traction Co. v Keil, 26 O. C. C. N.S. 445.** In the latter case the reviewing court approved the following charge:

"A common carrier of passengers does not owe to a passenger the highest degree of care absolutely, but only the highest degree of care consistent with the practical operation of the road in view of the danger to be reasonably apprehended and the parties to be served. If, therefore, you find that in the present case the company exercised that degree of care which ordinarily prudent street car companies under like circumstances use, I charge you that the company was not guilty of any negligence and your verdict should be for the defendant company."

There is no allegation nor any observation in the opening statement of counsel to the jury to the effect that it is the general practice of carriers operating trolley busses to equip such busses with safety glass. Until this situation appears, to hold that the defendant may be charged with the obligation to equip the windows of its busses with safety glass. would be enjoining upon it the observance of a higher degree of care than is placed upon other like carriers in the prudent operation of their cars.

The first syllabus of Gorman v City of Cleveland, supra, states the proposition in. somewhat different language:

"Although street railroad companies are bound to exercise the highest degree of care with respect to passengers, such care requires the company to use only such protective devices as are in general use."

In this case it was one of the charges of negligence against the defendant company that its street car was not properly equipped with a safety device on its car doors, and that such failure resulted in the injury of which the plaintiff complained. There was no averment that the device used by the company in opening and closing the doors of its cars was not one in general use on street cars. In this situation the court pronounced the syllabus which we heretofore quoted.

Before safety glass was known it was held that railroad companies generally were not regarded as negligent in failing to place bars, screens, or other guards on the windows of its cars to prevent passengers from being injured. 13 C. J. S., Par. 741. The mere fact that the General Assembly has indicated a legislative policy to require safety glass to be installed in certain types of motor vehicles does not in our judgment obviate the obligation upon the plaintiff to establish that the use of such glass is generally recognized as essential to the safety of the passengers by companies operating the same type of public carrier as those employed by the defendant company.

The judgment will be affirmed.

*GEIGER, PJ. & BARNES, J., concur.*