WM. R. KENAN and SCOTT M. LOFTIN, as Receivers of Florida East Coast Railway, v. GEORGIA HOUSTOUN, joined by her husband, O. K. HOUSTOUN.

7 So. (2nd) 837                                   Division B
April 10, 1942                   Rehearing Denied May 22, 1942

Henderson & Franklin, for petitioners.

Eldon L. Boyce and George C. Bolles, Jr., for respondents.

TERRELL, J.:

Georgia Houstoun was a passenger on a Florida East Coast train from Miami to Jacksonville. On arriving in the latter city she descended from the train to the station platform where steam was being ejected from a Louisville and Nashville engine standing on a track parallel to that on which her train was standing, under which it (steam) passed striking her about the lower legs and feet causing her to move about rapidly and in so doing fell over baggage, was thrown to the platform and thereby sustained injuries.

This action was brought for personal injuries claiming damages for leaving the platform in an unsafe condition, for permitting plaintiff to leave the train and for the negligence of the engine on the parallel track in ejecting the steam. A trial resulted in a judgment for $4500 in favor of the plaintiff which was affirmed by the Circuit Court. That judgment is here for review on certiorari.

The first and essential question presented is whether or not under the facts stated the Florida East Coast or the L. and N. Railroad was responsible for the alleged injury to the plaintiff.

The evidence shows that Mrs. Houstoun engaged passage on and left the Florida East Coast train when it arrived in Jacksonville and while standing on the platform, received the injuries complained of because of steam escaping from the L. and N. engine standing on a parallel track. It is also shown that the platform was dry and the station facilities in good condition.

It appears admitted that the presumption statute (Section 7051, Compiled General Laws of 1927, does not aid the plaintiff in this case. In this situation, the railroad company is required to exercise ordinary or reasonable care in keeping its station and other premises in condition. When it appears that the agency which caused the injury was other than defendant or its agents the plaintiff must prove that defendant knew or by the exercise of ordinary care could have known of it in time to remove the cause of the injury. 10 Am. Jur. 173, C. and O. Ry. Co. v. Burton, 50 Fed. (2nd) 731.

It is settled law that under the facts stated the Florida East Coast was bound to furnish Mrs. Houstoun reasonably safe facilities for leaving the train and

to remain in the station but unless said company or its agents were in some way responsible or could have foreseen and prevented the accident, it cannot be held responsible for injury caused by the negligent act of a third person. In this case, the L. and N. Railway was the third person and we think was responsible for the accident. It was in no way attributable to the negligence of petitioner nor do we know of any criterion by which it could have been put on notice of it. It had not happened before and the character of it was of such a nature that it could not have been reasonably foreseen.

As to liability on the ground of joint user, the rule is that the carrier or carriers are responsible if their station and approaches are not kept in a reasonably safe condition for the use of passengers. In other words, the rule as previously stated is extended to each carrier who may individually be held liable for injury to passengers. The injury must result from the negligent upkeep of premises where there is a joint responsibility to do so.

In this case, there was no showing in failure of joint or several responsibility to keep the station and approaches in reasonably safe condition. Neither was there showing of negligence on the part of the Florida East Coast but such as there was was on the part of the L. and N. and while it happens to have been committed within the passenger yard, the controlling principle is no different than if committed at a grade crossing or some other remote point.

Other questions raised have been examined but discussion of them would be pretermitted except for their importance in a new trial. We have reached the conclusion that refusal to permit the evidence offered in

the sixth question to be introduced was harmful error. The evidence complained of in the third question was also harmful but the other errors complained of are found to be without merit.

Writ of certiorari is granted and the judgment below is quashed.

It is so ordered.

BROWN, C. J., CHAPMAN and THOMAS, JJ., concur.