148 So.2d 536 (1963)
FLORIDA EAST COAST RAILWAY COMPANY, a Florida corporation, Appellant,
v.
Denver C. BOOTH, Appellee.
No. 62-168.
District Court of Appeal of Florida. Third District.
January 15, 1963.
*537 Bolles & Prunty, Miami, for appellant.
Nichols, Gaither, Beckham, Colson & Spence and Alan R. Schwartz, Miami, for appellee.
Before CARROLL, BARKDULL and HENDRY, JJ.
CARROLL, Judge.
This is an appeal by the defendant below from an adverse judgment entered on a jury verdict. The plaintiff was injured while en route from Miami to Ft. Pierce where he was to perform trainman duties for the defendant railway company. The injury occurred when a rock, thrown at the defendant's train in which the plaintiff was riding, shattered a window and caused broken glass to lodge in one of his eyes. Plaintiff was traveling pursuant to a special railroad pass which contained printed conditions that the user assumed all risks of travel and that the railroad should not be considered a common carrier or liable to the user for its negligence. The pass was issued consistent with an exception in the Hepburn Act, 49 U.S.C. § 1(7).
The evidence disclosed that the windows of the car in which plaintiff was riding were made of 1/8 inch thick plate glass; that the car, known as a "dead head" coach, was separated from the regular passenger cars, and plaintiff as an employee of the railroad was required to ride in that car; that other passenger cars were equipped with laminated two-pane safety glass; that over the past few years there had been a number of rock-throwing incidents in the area involved and that defendant had notice thereof.
Appellant challenged the ruling of the trial court that the exculpatory provisions printed on the back of the pass were not operative as to the plaintiff because he was a passenger for hire rather than a gratuitous one. Appellant also argued that the sole proximate cause of plaintiff's injury was the wrongful act of a third person for which act defendant could not be held liable.
The trial court ruled correctly that the pass was not a gratuitous one, and, therefore, that the exculpatory provisions did not apply to plaintiff. A union contract requirement for issuance of the pass removed its gratuitous nature and made it *538 one issued for consideration, which in turn rendered ineffective the provisions limiting the defendant's liability. See Martin v. Greyhound Corp., 6 Cir.1955, 227 F.2d 501, cert. den., 350 U.S. 1013, 76 S.Ct. 657, 100 L.Ed. 873 (1956). See also Sassaman v. Pennsylvania R. Co., 3 Cir.1943, 144 F.2d 950; Fowler v. Western & A.R.R., 75 Ga. App. 156, 42 S.E.2d 499 (1947). Compare Charleston & Western Carolina R. Co. v. Thompson, 234 U.S. 576, 34 S.Ct. 964, 58 L.Ed. 1476 (1914); Francis v. Southern Pacific Co., 333 U.S. 445, 68 S.Ct. 611, 92 L.Ed. 798 (1948). Appellant's second contention, that it was not shown to have been negligent, also is without merit. While the use of a passenger car having windows of plate glass rather than laminated safety glass has not of itself been held to constitute negligence,[1] it is different when the carrier has warning or knowledge of facts making the act of rock-throwing reasonably foreseeable.[2] Here, as stated above, the defendant railway company knew of numerous instances of rocks being thrown at its passenger trains, including a number in the area involved. On such a record, the jury was entitled to find that the act of rock-throwing, notwithstanding its maliciousness or criminality, was a reasonably foreseeable occurrence, and that defendant subjected the plaintiff to an unreasonable risk of harm by not equipping its passenger car with laminated safety glass. See Hall v. Seaboard Air Line. Ry. Co., 84 Fla. 9, 93 So. 151; Kenan v. Houstoun, 150 Fla. 357, 7 So.2d 837; Bullock v. Tamiami Trail Tours, Inc., 5 Cir.1959, 266 F.2d 326. In Bullock v. Tamiami Trail Tours, Inc., supra, the United States Court of Appeals for the Fifth Circuit, discussing Florida law stated as follows (266 F.2d at 331):
"Therefore, in Hall v. Seaboard Air Line Ry. Co. and Kenan v. Houstoun, supra, the rule may be generally stated that a carrier is liable for injury to its passenger caused by a fellow passenger or a third party if such injury by its nature could have been `reasonably anticipated' or `naturally expected to occur' or `reasonably foreseen' in time to have prevented the injury. [84 Fla. 9, 93 So. 157.] If the injury could have been reasonably anticipated in time to have prevented its occurrence, the carrier is subjected to the highest degree of care to its passenger either to protect him from or to warn him of the danger."
For the reasons stated, the judgment appealed from should be and hereby is
Affirmed.
NOTES
[1] See, e.g. Sengel v. Columbus & Southern Ohio Electric Co., 69 Ohio App. 402, 40 N.E.2d 170 (1941).
[2] See Harpell v. Public Service Coordinated Transport, 35 N.J. Super. 354, 114 A.2d 295 (1955), aff'd., 20 N.J. 309, 120 A.2d 43 (1956).