HENDRY, Judge.
Plaintiffs below have appealed from a summary judgment entered in favor of two of the three defendants, Joseph and Anna Goldshein, by the Circuit Court of Dade County. Plaintiffs brought several actions, consolidated both at trial and on this appeal, based on the tragic deaths of two five-year old bpys which occurred on August 30, 1966, when those children suffocated in a built-in ice-box section of a small trailer. We must note at the outset that this case involves the first judicial construction of a state statute, and therefore feel justified in giving a detailed rendering of the facts.
*760 The defendants, Joseph and Anna Gold-shein, are the fee simple owners of a certain piece of business property. On August 30, 1955, they and the American Oil Company entered into a ten-year lease, such term to begin on April 1, 1956. This leasehold was later extended by a recorded renewal to run for an additional term, scheduled to expire on March 31, 1976. American Oil Company, the lessee, subleased the premises to Mr. Omelia Diaz for a term which began in April, 1962, and was subject to successive annual renewals. Diaz did in fact renew the sub-lease for the term of April 1, 1966, through March 31, 1967, during which time the accident occurred.
The trailer was owned by the third defendant, Miss Elena Guasp. Some time between January 1 and March 1, 1966, she left it with the manager of the gas station in order to display it for sale to the general public, and this was done directly on the premises. The trial court found as a fact that at no time were the Goldsheins directly apprised of the situation, and that they never received knowledge of it until after the accident had occurred. This trailer measured 13 feet in length, had side walls which were about 4 or 5 feet in height, and rested on two wheels. It had no roof, but within its structure, it contained an ice-cooled type of icebox which was one and a half feet high, one foot deep and one foot wide. Somehow, the boys became entrapped in this icebox and died.
We are immediately confronted with a statutory mandate which at first appears to provide a ready answer to the question of liability. F.S. § 823.07, F.S.A. begins by setting forth the statutory intent in these words: “* * * (1) The purpose of sections 823.07-823.09 is to prevent deaths due to suffocation of children locked in abandoned or discarded ice boxes, refrigerators or deep freeze lockers from which the doors have not been removed.” This creates an initial issue of whether “* * * ice boxes, refrigerators, or deep freeze lockers * * *” referred to also include the built-in icebox in this case. We specifically decline to answer this problem in this opinion. Instead, we predicate our decision on the more basic problem, which may be stated thusly: whether the lessor of a long term leasehold is liable for acts committed by its lessee, or the lessee’s sub-lessee? We are compelled to answer that question in the negative, and therefore must'affirm the trial court.
In 1965, the provision of the statute directed to the question of liability had been worded thusly: “* * * (2) It shall be unlawful for any person to allow any used icebox * * * to remain on his property or property under his control * * *” [Emphasis added.] Then, at the next legislative session in 1967, that section was amended to read: “* * * (2) It is unlawful for any person to knowingly abandon or discard or to permit to be abandoned or discarded on premises under his control any icebox * * *” [Emphasis added.]
Viewing these two versions, we may begin to see the Legislature’s intent as it sought to establish liability for violation of the statutory provisions. By omitting the words, “ * * * on his property * * ”, and yet continuing to retain the phrase, “* * * under his control * * the Legislature seems to have intended to make liable those vested with the right of control, rather than those holding title but removed from any position of control.
However, we cannot rely on semantics alone, and are required to look to the common law when the statutory intent is in doubt. The general rule is that statutes are to be construed with reference to appropriate principles of the common law, and when possible, they should be so construed as to make them harmonize with existing law and not conflict with long settled principles. 30 Fla.Jur., Statutes § 106, and cases cited therein. Here we have a lessor, tenant, and sub-tenant. One of the earliest rulings in this area came in Simms *761 v. Kennedy, 74 Fla. 411, 76 So. 739, L.R.A.1918C, 297, where the court stated:
“A lessor landlord may be liable to third persons for injuries caused by defects in leased premises during the term of the lease, when the defect in or condition of the premises at the time of the lease was a violation of law, or was in the nature of a nuisance existing or incipient because of negligent construction or otherwise, or when the lessor has entire or partial control of the premises, or is required by law or undertakes to keep or to assist in keeping the premises in repair, or where his negligence or participation is a proximate cause of the injury. Liability of the lessor may also flow from the special circumstances or from applicable provisions of law.
“But prima facie where the lessee is in entire possession, occupancy, and control of the premises under a lease, and the premises were in good condition when leased, the lessor is not liable in damages for injuries to third persons caused by defects in the premises. And where an action for damages is brought against the lessor, he may plead specially the lease to and the possession, occupancy, and control of the premises by another, in bar of the action, in each case setting up the facts affording the bar.” Id. at 740.
The Sims case has been continually reaffirmed in a multitude of factual settings, most recently in Dabney v. Yapa, Fla.App.1966, 187 So.2d 381. There, the landlord-lessor was held not liable for injuries caused by a condition over which he had no control. See also City of Daytona Beach v. Baker, Fla.App.1957, 98 So.2d 804, cert. denied, 105 So.2d 365, wherein the municipal corporation, in its status as a lessor of certain premises, was held not liable for damages caused by defects in those premises when the lessee was shown to be in possession, occupancy and control of same.
In conclusion then, we must agree with the appellee’s position that the words of the 1967 statute, “* * * premises under his control * * can only reasonably mean, in the light of the long history of law on this point, that the person who is in possession and/or control of the premises must be regarded by the public as that person who uses the premises with the rights and powers incident to possession. It is that person who should occupy the position of liability, in the instance of F.S. § 823.-07(2), F.S.A.
As to the liability of the third defendant, Elena Guasp, we need not comment since no issue has been created regarding her. We also have no need to rule on the liability of the American Oil Company, a third-party defendant at trial, because of a release entered into by the several plaintiffs and that company.
Affirmed.