## Geiger v. Reading Company

*Franklin D. Rubin*, for plaintiff.

*Joseph H. Foster*, for defendant.

BARBIERI, J., July 7, 1969.—Before the court is a demurrer filed by defendant, Reading Company, a railroad common carrier, seeking dismissal of a complaint by plaintiff who sues for injuries suffered while a passenger by reason of a projectile coming through the window of defendant's railroad passenger car. Defendant's ground for urging its demurrer is that the alleged negligence "cannot be held to be the proximate cause of plaintiff's injury." Plaintiff resists defendant's contention on the basis that his allegations of fault do charge defendant with actionable negligence, inter alia, in "Failing to take steps to protect passengers after actual and constructive notice that projectiles were being thrown from said siding . . . ," with "Failing to properly patrol its right-of-way after actual and constructive notice that projec-

tiles were being thrown therefrom . . . ," and in failing "to install safety devices on said cars to stop said projectiles prior to their shattering the glass and striking passengers. . . ."

Boiling down the arguments and contentions of plaintiff, they amount to this: Defendant railroad had knowledge that projectiles were being thrown at the windows of its passenger cars on this point in its railroad line and, although charged with such prior knowledge of possible injury to this plaintiff, it permitted him to occupy a seat at a point in the car which exposed him to injury from such a projectile, without any warning to plaintiff of the danger to which his position subjected him, and without taking any other safety precautions which a passenger carrier could reasonably have taken.

Against the obvious validity of plaintiff's contentions, bearing in mind that we are not free to question the factual reliability thereof on demurrer, defendant contends that its demurrer is undeniable on the basis of prevailing authority, particularly four Pennsylvania cases: Ault v. Cowan (No. 1), 20 Pa. Superior Ct. 616, 625 (1902); Thomas v. Phila. & Reading R. R. Co., 148 Pa. 180 (1892); Ginn v. Pennsylvania Railroad Company, 220 Pa. 552 (1908); Archer v. Pennsylvania Railroad Company, 166 Pa. Superior Ct. 538, 543 (1950).

Reference to these cases reveals that each of them involves an effort by plaintiff to shift to the carrier involved the burden to exculpate itself from an alleged inference of negligence based upon proofs offered that the accident happened through a defect in an appliance or in some other part of the transportation system under the carrier's control. Thus, plaintiff in each of those cases was attempting to impose liability upon the common carrier, not for the act of a third person, but for some default of the carrier in

connection with its equipment. Based on these authorities, defendant in this case argues that it must be absolved from liability, because the injury is solely due to the act and fault of a third party, he who threw the stone or projectile, with no culpable contribution attributable from its own conduct or equipment. In short, the railroad contends that it cannot in any case be responsible for injury to plaintiff, unless the case is related to a person or thing that is part of the actual transportation process.

We are not persuaded that defendant's view should prevail in this case, although it must be conceded that we have been furnished with no decision by any Pennsylvania court which would support the plaintiff's position. Plaintiff refers us to §314 A of the Restatement of Torts 2d (1965), which is captioned: "Special Relations Giving Rise to Duty to Aid or Protect." This section does assert that "A common carrier is under a duty to its passengers to take reasonable action (a) to protect them against unreasonable risk of physical harm, . . ." From a reading of the illustrations under this section which specifically pose common carrier situations, it appears that this Restatement doctrine really has to do with the situation where there is a failure of the carrier to take action to avoid further harm to a passenger after he has been placed in a position of foreseeable peril through no fault of the railroad. Thus, an illustration involving a passenger who has negligently fallen from the train and is injured, holds that it would be negligence on the part of the railroad to fail to give aid which would avoid worsening of the injuries.

The appendix to §314A, however, does list the cases involving projectiles thrown through common carrier windows, and dealing with the extent of a carrier's duty to protect its passengers from such dangers. Two such cases are the New Jersey case of

Harpell v. Public Service Coordinated Transport, 20 N. J. 309, 120 A. 2d 43 (1956), and the Florida decision in the case of Florida East Coast Railroad Co. v. Booth, 148 So. 2d 536 (Fla. App. 1963). Both cases support the view that a common carrier, being aware that missiles might be thrown through the windows of its passenger cars, is under the duty to warn or otherwise take reasonable steps to protect the passengers from this hazard.

We rather feel that plaintiff's best support in the Restatement is found in the provisions of § §302A and 302B. Section 302A, titled "Risk of Negligence or Recklessness of Others", reads as follows:

"An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the negligent or reckless conduct of the other or a third person."

Section 302B, entitled "Risk of Intentional or Criminal Conduct", reads as follows:

"An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal."

Perhaps the most apposite illustration is set forth under §302B:

"10. A, a young girl, is a passenger on B Railroad. She falls asleep and is carried beyond her station. The conductor puts her off of the train in an unprotected spot, immediately adjacent to a 'jungle' in which hoboes are camped. It is notorious that many of these hoboes are criminals, or men of rough and violent character. A is raped by one of the hoboes. B Railroad may be found to be negligent toward A."

Whether §314A, §302A, or §302B, of the Restatement is relied upon by plaintiff, it seems clear to this court that, with no Pennsylvania authority which ac-

tually denies us the freedom to invoke a Restatement doctrine, judgment should not be entered on the demurrer in the present state of the record in this case.

### ORDER

And now, July 7, 1969, the demurrer of defendant, Reading Company, is overruled, with leave to defendant to answer or otherwise plead within 20 days from the date when notice of this order is served.