248 So.2d 235 (1971)
Earl J. HOMAN, Appellant,
v.
COUNTY OF DADE, a Political Subdivision of the State of Florida; and General Motors Corporation, a Foreign Corporation, Appellees.
No. 70-502.
District Court of Appeal of Florida, Third District.
May 11, 1971.
Rehearing Denied June 11, 1971.
*236 Nichols & Nichols, Podhurst, Orseck & Parks, Miami, for appellant.
Blackwell, Walker & Gray and James E. Tribble, Miami, for appellees.
Before BARKDULL, HENDRY and SWANN, JJ.
BARKDULL, Judge.
By this appeal, we are called upon to review the propriety of a trial judge's order vacating a jury verdict and directing a verdict for the defendant, County of Dade.
The appellant was a fare-paying passenger on a bus operated by the County and was seated on a bench behind the driver on the left-hand side when an unknown person threw a brick through the upper right-hand glass panel of the right front folding door. The brick ricocheted inside the bus and struck the plaintiff on the right side of the skull, resulting in serious damage. The thrust of the plaintiff's case on liability was that the bus had inadequate glass protection and the type of injury was foreseeable, particularly in the area involved and, therefore, the County was liable in accordance with this court's prior opinion in Florida East Coast R. Co. v. Booth, Fla.App. 1963, 148 So.2d 536.
Following the verdict and judgment, a number of post-trial motions were filed; the trial court denied the motion for new trial but granted the defendant County a judgment in accordance with his prior motion for a directed verdict, and this appeal ensued.
In measuring the propriety of the trial judge's order in directing a verdict for the defendant County, of course all conflicts in the evidence [if any] are resolved in favor of the plaintiff and all reasonable inferences from the evidence are to be taken most favorable to the plaintiff. Hardware Mutual Casualty Co. v. Tampa Electric Co., Fla. 1952, 60 So.2d 179; Rodi v. Florida Greyhound Lines, Fla. 1952, 62 So.2d 355; Brightwell v. Beem, Fla. 1959, 90 So.2d 320; Guhman v. Florida Power & Light Company, Fla.App. 1962, 139 So.2d 749; Whitman v. Red Top Sedan Service, Inc., Fla.App. 1969, 218 So.2d 213. Only in the event there is no evidence from which the jury could return a verdict for the plaintiff should the trial judge remove the matter from its consideration. Chambers v. Loftin, Fla. 1953, 67 So.2d 220; Cadore v. Karp, Fla. 1957, 91 So.2d 806; Paikin v. Beach Cabs, Inc., Fla.App. 1966, 187 So.2d 93; Guerriero v. Adams, Fla.App. 1966, 190 So.2d 432; Whitman v. Red Top Sedan Service, Inc., supra.
Ordinarily, the question of the reasonableness of a common carrier's discharge of its duty [of the highest degree of care for the safety of a fare-paying passenger and the reasonableness of the equipment utilized for the purpose of transporting such a passenger] is for a jury. McNealy v. Illinois Central Railroad Company, 43 Ill. App.2d 460, 193 N.E.2d 879; *237 Palmer v. President, etc., Delaware & H. Canal Co., 120 N.Y. 170, 24 N.E. 302; 14 Am.Jur.2d, Carriers, § 1028; 13 C.J.S. Carriers § 768k p. 1505; cf Russell v. Jacksonville Gas Corporation, Fla.App. 1960, 117 So.2d 29.
In addition to the facts stated above, the record also reveals that the window and the door, through which the rock was propelled, was glazed with tempered glass. It was the plaintiff's contention that the window should have been glazed with either laminated glass or plexiglass, which would have prevented penetration by the brick. There also was evidence that the County had buses in use with laminated glass and/or plexiglass at the time of the incident in question. There was no question in this case but that the bus, as manufactured and supplied to the County, met the minimum safety standards established by industry regulations and Florida Statutes.[1] There was ample testimony that in the vicinity wherein the incident occurred there had been numerous prior incidents of rocks or other missiles being thrown at buses, which was known to those charged with the responsibility for operating the buses.
The plaintiff urges, and we agree, that the trial court should have been governed by this court's decision in Florida East Coast R. Co. v. Booth, supra, wherein this court affirmed a judgment for a plaintiff who was injured while a passenger on a train, the injury being caused by a rock which was thrown through a plain plate glass window, the evidence having shown that the train was equipped with cars that had plate glass windows, that there were other cars on the train that had laminated glass, and that the railroad company was aware that there had been rock-throwing incidents at its trains in the general vicinity of the accident. In said opinion, the following is found:
* * * * * *
"Here, as stated above, the defendant railway company knew of numerous instances of rocks being thrown at its passenger trains, including a number in the area involved. On such a record, the jury was entitled to find that the act of rock-throwing, notwithstanding its maliciousness or criminality, was a reasonably foreseeable occurrence, and that defendant subjected the plaintiff to an unreasonable risk of harm by not equipping its passenger car with laminated safety glass. See Hall v. Seaboard Air Line Ry. Co., 84 Fla. 9, 93 So. 151; Kenan v. Houstoun, 150 Fla. 357, 7 So.2d 837; Bullock v. Tamiami Trail Tours, Inc., 5 Cir.1959, 266 F.2d 326. In Bullock v. Tamiami Trail Tours, Inc., supra, the United States Court of Appeals for the Fifth Circuit, discussing Florida law stated as follows (266 F.2d at 331):
"`Therefore, in Hall v. Seaboard Air Line Ry. Co. and Kenan v. Houstoun, supra, the rule may be generally stated that a carrier is liable for injury to its passenger caused by a fellow passenger or a third party if such injury by its nature could have been "reasonably anticipated" or "naturally expected to occur" or "reasonably foreseen" in time to have prevented the injury. [84 Fla. 9, 93 So. 157.] If the injury could have been reasonably anticipated in time to have prevented its occurrence, the carrier is subjected to the highest degree of care to its passenger either to protect him from or to warn him of the danger.'
"For the reasons stated, the judgment appealed from should be and hereby is
Affirmed."
*238 Foreseeable acts of third persons are not superseding causes which insulate a prior tort feasor from liability as a matter of law, where such acts combine with the tort feasor's negligence to bring about harm to an innocent party; they are merely concurrent causes. See: 2 Harper and James, The Law of Torts, § 16.12, p. 940; Prosser, Torts, 2d Ed., § 32, pp. 138, 142, 143; and see, as applied to common carrier, Bullock v. Tamiami Trail Tours, Inc., 5 Cir.1959, 266 F.2d 326, 331; Harpell v. Public Service Coordinated Transport, 35 N.J. Super. 354, 114 A.2d 295, aff'd 20 N.J. 309, 120 A.2d 43.
The jury could have found that probable cause existed in this cause and that there was foreseeability through prior similar incidents wherein the County admitted it had knowledge of same. There was no issue of contributory negligence or assumption of the risk in this cause. Insofar as the defendant County was concerned, the trial court correctly charged it on its duty of the highest degree of care and on the concept of proximate cause, including elements of intervening causes and foreseeability. The jury was advised that the County was not an insurer and that it was responsible only for injuries legally caused by its negligence.
By the trial court denying the motion for new trial, he approved all the trial proceedings and neither side has urged error in this ruling. From all the evidence which was produced before the jury, it was within its province to find a breach of the highest degree of care required by the County while operating a bus as a common carrier [Whitman v. Red Top Sedan Service, Inc., supra], and it was appropriate, under this court's prior ruling in Florida East Coast R. Co. v. Booth, supra, to submit the matter to the jury in the first instance.
Therefore, for the reasons stated, the trial court's order granting the directed verdict for the defendant County be and the same is hereby reversed, with directions to reinstate the verdict for the plaintiff and to enter final judgment thereon.
Reversed and remanded, with directions.
NOTES
[1] But it is clear that the duty of the highest degree of care is not met merely by showing compliance with custom and usage in the industry. Louisville & Nashville R. Co. v. Adams, 5 Cir.1961, 292 F.2d 153; Seaboard Airline R. Co. v. Watson, 94 Fla. 571, 113 So. 716, 718.