310 So.2d 336 (1975)
EASTERN AIRLINES, INC., et al., Appellants,
v.
Wayne Earnest DIXON, Jr., et al., Appellees.
No. 74-838.
District Court of Appeal of Florida, Third District.
March 25, 1975.
Rehearing Denied April 22, 1975.
*337 Walton, Lantaff, Schroeder, Carson & Wahl and John M. Murray, Miami, for appellants.
High, Stack, Davis & Lazenby and Alan R. Dakan, Miami, for appellees.
Before PEARSON and HENDRY, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellants, defendants in the trial court, seek reversal of a final judgment entered following a jury verdict assessing damages sustained by the appellees in the aggregate amount of $36,740.00.
Appellee, Wayne Earnest Dixon, Jr., received a severe injury to his arm on April 11, 1972 when he was caught in a baggage conveyor belt located behind the Eastern Airlines ticket counter at the Miami International Airport. At the time, Wayne was five years old.
Through his mother and his next friend, Wayne filed a lawsuit against the appellants, and his mother, appellee Judy Dixon, joined in the action seeking recovery of her medical expenses and loss of services of her minor child.
At trial, Mrs. Dixon testified that when the accident happened she was at the Eastern ticket counter. Minutes before, she had missed her flight to Raleigh, North Carolina.
She blamed missing the flight on an Eastern ticket agent who supposedly had earlier given her misinformation on the departure schedule; and, at the time of the accident giving rise to this litigation, she was engaged in a discussion with a ticket agent.
Mrs. Dixon testified that shortly before her son's mishap, Wayne had stepped up on the silver area of the ticket counter (apparently where baggage is weighed, about a foot off the floor). He was admonished by the agent, and Mrs. Dixon told Wayne he was not to go behind the ticket counter.
She then stated that subsequent to that Wayne let go of her hand, and approximately 40 seconds to a minute later she heard his screams.
Three points have been raised by the appellants in their brief. First, it is argued that the court erred in instructing the jury that Eastern as a common carrier was required to exercise the highest degree of care to the appellees.
The parties argued pro and con on the question of whether the duty of highest degree of care, owed by Eastern Airlines, Inc. to its passengers, extends to intended or prospective passengers while doing business with the agents of the airline at its ticketing area in the airport terminal. In the instant case, we do not need to evaluate the arguments of opposing counsel on that question, and choose between them. This is so because there was no objection made by the defendant Eastern Airlines, Inc. to the questioned jury charge, and a timely objection thereto was a prerequisite to assigning as error the giving of that jury charge, as provided in Rule 1.470(b) FRCP.
Appellants' next point on appeal is procedural in nature. They assert that the trial judge should have granted their motion to dismiss or in the alternative to prohibit testimony of the appellees' expert witnesses due to the failure of the appellees to answer fully and completely interrogatories propounded to them.
Generally, where a party fails to properly furnish discovery to his adversary under the rules of procedure, the punishment should fit the fault. See RCP 1.380(b); *338 Herold v. Computer Components International, Inc., Fla.App. 1971, 252 So.2d 576; Goldstein v. Goldstein, Fla.App. 1973, 284 So.2d 225.
And, in the absence of a showing of an abuse of discretion, the actions taken by the trial judge to compel proper discovery should not be disturbed. Therefore, we hold that the appellants have failed to show prejudicial or reversible error under their second point.
However, under the appellants' third point we do find merit. There, it is urged that the appellant Dade County Port Authority as the landlord of Eastern Airlines was not liable for injuries received by third parties.
In City of Daytona Beach v. Baker, Fla.App. 1957, 98 So.2d 804, the court stated as follows:
"Where a lessee is in possession, occupancy, and control of premises which are in good condition when leased, the lessor is not liable in damages for injuries to third persons caused by defects in the premises ..." See also, Vanner v. Goldshein, Fla.App. 1968, 216 So.2d 759; Dabney v. Yapa, Fla.App. 1966, 187 So.2d 381; Gross v. Hatmaker, Fla. App. 1965, 173 So.2d 158; Compare, Bowen v. Holloway, Fla.App. 1971, 255 So.2d 696.
Our examination of the record in this cause persuades us that the misfortune which befell the Dixon boy arose solely because of the use of the leased premises by the lessee.
Accordingly, the adverse judgment entered against the Dade County Port Authority as a subdivision of Metropolitan Dade County hereby is reversed. In all other respects, the judgment appealed is affirmed.
Affirmed in part; reversed in part.
HENDRY, Judge (concurring specially).
I concur in the holding by my colleagues which affirms in part and reverses in part the judgment appealed.
However, under point one on appeal raised by the appellant, Eastern Airlines, my reasons for affirmance would differ from the reason assigned by the majority.
In my opinion, the trial court correctly charged the jury that Eastern owed the appellees the highest degree of care to safeguard them from injury.
Of course, I recognize that a common carrier is not an insurer of the safety of its passengers. See, National Airlines, Inc. v. Fleming, Fla.App. 1962, 141 So.2d 343.
Eastern submits that the duty which it owed to the appellees under the circumstances of the instant case was simply that of ordinary and reasonable care which any business might owe to an invitee. See, Kenan v. Houstoun, 1942, 150 Fla. 357, 7 So.2d 837.
Appellant further argues that as a common carrier it is required to exercise the highest degree of care "only to passengers who are in the actual course of travel or who are boarding or alighting." See, Federal Insurance Co. v. Bonilla Colon, 392 F.2d 662 (1st Cir.1968); City of Knoxville v. Bailey, 222 F.2d 520 (6th Cir.1955).
On the other hand, there is authority for the proposition that a carrier must exercise the same high degree of care toward its passengers in the maintenance of its station or terminal premises as it must in the operation of its trains, planes or other modes of transportation. See, 14 Am.Jur.2d Carriers § 965; Ft. Worth & D.C. Ry. Co. v. Brown, 205 S.W. 378 (Tex.Civ.App. 1918); Brackett v. Southern Ry. Co., 88 S.C. 447, 70 S.E. 1026 (1911); Fremont, E. & M. Valley R. Co. v. Hagblad, 72 Neb. 773, 101 N.W. 1033, 106 N.W. 1041 (1906); Jordan v. New York, N.H. & *339 H.R. Co., 165 Mass. 346, 43 N.E. 111 (1896).
In Ortiz v. Greyhound Corporation, 275 F.2d 770 (4th Cir.1960) the court stated the following:
"[4] It is a well settled rule of law that a carrier owes to a person in a passenger status the duty to exercise the highest degree of care and skill in everything that concerns his safety. This duty is not limited to the actual transportation of passengers, but requires also that the carrier provide safe means of ingress to the station and vehicle, safe waiting spaces and safe means of egress from the vehicle and station. Kaplan v. Baltimore & O.R. Co., 1954, 207 Md. 56, 113 A.2d 415; Dilley v. Baltimore Transit Co., 1944, 183 Md. 557, 39 A.2d 469, 155 A.L.R. 627. See also 13 C.J.S. Carriers §§ 678a, 713, 723 (1939)."
In the case before us, there is the additional factor that Wayne Dixon was a child of tender years conclusively presumed to be incapable of contributory negligence.
As a general rule, a common carrier is under a duty to exercise greater attention and care to an infant passenger than to an adult passenger. See, 14 Am.Jr.2d Carriers § 963 (and cases cited therein); compare, Suarez v. Trans World Airlines, Inc., 498 F.2d 612 (7th Cir.1974), holding that a common carrier must exercise greater care to a passenger who is affected by a physical or mental disability.
It should be noted that appellant, Eastern, does not contend on this appeal that the appellees did not occupy the legal status of passengers.
The appellees were en route to Raleigh, North Carolina from Quito, Ecuador. They had stopped at the Miami International Airport to change airplanes from another airline to board an Eastern flight to Raleigh. Mrs. Dixon had previously purchased her Eastern ticket, and when the accident to her son occurred she had already had the ticket validated.
The instruction which the court gave the jury and which Eastern now challenges is a standard jury instruction. See, Florida Standard Jury Instructions 4.5. The instruction is entitled, "Negligence of Common Carrier (Passenger Case)".
Therefore, I would think that the Supreme Court Committee on Standard Jury Instructions which adopted the standard jury instructions intended that under the law the higher degree of care standard would apply in all cases involving a passenger of a common carrier.
I would conclude that Eastern had no reason to object to the instruction as given because the instruction was entirely proper under the circumstances of this case.