DOWNEY, Judge
(concurring specially).
I am compelled to concur specially in the decision to affirm this case because the bar needs to be put on notice that this court intends to comply with the Rules of Civil Procedure as they are written, which intention constitutes a departure to some extent from tradition.
The appellant as respondent below in a dissolution of marriage proceeding failed to answer, interrogatories propounded by ap-pellee. No motion to compel was filed nor any order entered commanding appellant to answer. At trial appellee moved to strike appellant’s pleadings and prohibit her from adducing any testimony in support of her claim for alimony, special equity in proper *1264 ty, attorney’s fees, and suit money. The trial judge granted the motion, struck appellant’s pleadings, refused to allow her to proffer testimony relative to the financial aspects of the case referred to above, and entered final .judgment granting the dissolution and denying all other relief.
Appellant contends that appellee’s motion to strike at trial was appellant’s first notice that appellee continued to rely on his right to responses to the interrogatories. In addition, appellant argues that absolutely no showing was made of any wilfulness or contumaciousness on her part.
Florida Rule of Civil Procedure 1.380(d), authorizes the trial court to do exactly what it did, viz., strike appellant’s pleadings and refuse to let her support her claims with proof.' The problem is that the courts have not been enforcing the rule unless the circumstances were gross, such as showing a wilful refusal, or disobedience of an order of the court commanding answers. Traw-ick’s Florida Practice and Procedure, § 16-13, points out that in 1972 the rule in question was changed and that simply failing to answer interrogatories or appear for the taking of an oral deposition authorizes the severe action taken here. But Trawick suggests:
“The problem is to persuade a court to take the drastic action permitted under this subdivision without a previous order that has not been complied with. Even when the subdivision contained a requisite of wilful misconduct, courts declined to invoke the harsh penalties authorized. It is doubtful if the 1972 change will make courts any more likely to invoke the sanctions without a prior order for discovery.”
Most of the cases requiring a showing of wilfulness, or requiring the trial court to give the defaulting party an opportunity to comply predate the rule change in 1972. But some courts have continued to be lenient in the enforcement of the rule. See: Eastern Airlines, Inc. v. Dixon, 310 So.2d 336 (Fla.3d DCA 1975), and Goldstein v. Goldstein, 284 So.2d 225 (Fla.3d DCA 1973).
While it appears to me the action of the trial court was extremely severe under the circumstances of this case, the rule authorizes it and it behooves counsel to take note of the rule and its current application. With that admonition, I concur in the af-firmance of the order appealed from.
Affirmed.