363 So.2d 61 (1978)
Rae KAUFMAN, Appellant,
v.
A-1 BUS LINES, INC., Appellee.
No. 78-263.
District Court of Appeal of Florida, Third District.
October 10, 1978.
Friedman & Robbins, North Miami Beach, for appellant.
*62 Carey, Dwyer, Cole, Selwood & Bernard and Steven R. Berger, Miami, for appellee.
Before BARKDULL and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
KEHOE, Judge.
Appellant, plaintiff below, appeals an order entered by the trial court on January 23, 1978, dismissing her complaint with prejudice. We affirm the dismissal, but reverse its entry with prejudice.
Appellant sued defendants, Tom Gaskins, d/b/a Tom Gaskins's Cypress Knee Museum, Lykes Brothers, Inc., and its insurance carrier, Hartford Accident & Indemnity Company, and A-1 Bus Lines, Inc., to recover damages for personal injuries which she received as a result of a trip and fall on the premises owned by defendant, Lykes Brothers, Inc., and maintained and operated as a tourist attraction by defendant, Tom Gaskins, d/b/a Tom Gaskins's Cypress Knee Museum.
In her complaint appellant alleged that she was a participant in a group tour, operated and conducted by the defendant, A-1 Bus Lines, Inc., in accordance with an agreement with the Fountainview Ladies Club of the Fountainview Condominium, of which she was a member. The complaint further alleged that she fell from a cat-walk located on the premises known as the Tom Gaskins's Cypress Knee Museum, which was a place of amusement or attraction to which the public was invited, and which said cat-walk, the owner of the premises (Lykes Brothers, Inc.,), and the operator of the tourist attraction (Tom Gaskins), knew or reasonably should have known, was dangerous, hazardous, and unsafe for use. The specific acts of negligence on the part of the appellee A-1 Bus Lines, Inc., were set forth in Counts III and IV of the complaint.
In Count III, appellant alleged that appellee was in the business of "packaging, operating, and/or conducting group tours, such as the tour in which the Plaintiff was a participant," and that by virtue of an agreement with the Fountainview Ladies Club of Fountainview Condominium, of which the plaintiff was a member, appellee agreed to "operate and conduct a bus tour to certain places of amusement and/or attraction, including Tom Gaskins's Cypress Knee Museum." The complaint in Count III further alleged that appellee was "fully and solely responsible for, and had the duty to make all arrangements for the tour, including but not limited to the selection of the amusements and/or attractions, and various rest and meal stops." Appellant further alleged in Count III of her complaint, that appellee knew or should have reasonably known of the dangerous condition which existed at the Tom Gaskins's Cypress Knee Museum on the date of the accident, and should not have made arrangements to stop at this attraction where members of the tour group, such as appellant, would be exposed to unreasonable risks or harm and personal injuries due to the use of the premises, and more particularly, the cat-walk located therein.
Appellant alleged that appellee had an implied contractural obligation to reasonably protect her from unsafe conditions such as the one that existed at Tom Gaskins's Cypress Knee Museum on the date of her accident, and that appellee breached the duty which it owed to appellant by virtue of its agreement with the Fountainview Ladies Club of Fountainview Condominium to arrange for and conduct this tour.
In Count IV of her complaint, appellant alleged that appellee had a duty to protect her from dangerous and hazardous conditions which might arise during the course of the tour, and that appellee breached this duty by the following acts:
1. Failure to inspect the amusements or attractions visited by the tour, and more specifically by failing to inspect the cat-walks located on the premises known as Tom Gaskins's Cypress Knee Museum;
2. Failing to warn appellant of the dangerous and hazardous conditions sued upon in her complaint;
3. Failing to prevent appellant from using the cat-walk which appellee knew or should have known would expose a person of appellant's age and agility, to unreasonable risk and harm and personal injuries.
*63 Appellee filed its motion to dismiss alleging that the complaint failed to state a cause of action against it on the grounds that no duty existed on its part to perform the acts appellant alleged appellee failed to perform and that the complaint failed to allege any act on the part of appellee which proximately resulted in any injury to appellant.
After a hearing, the trial court on January 23, 1978, entered an order granting appellee's motion to dismiss with prejudice. From this order, appellant appeals contending that the trial court erred in dismissing with prejudice her complaint against appellee A-1 Bus Lines, Inc.
A motion to dismiss a complaint for failure to state a cause of action is addressed exclusively to the allegations of the complaint. A trial court, in determining the validity of a motion to dismiss, assumes all well pleaded allegations to be true. The ultimate question before a court in ruling on such a motion is whether, if the one making the allegations later proves them, he would thereby establish a cause of action against the defendant. Thus, the motion must be decided on questions of law only, keeping to the allegations contained within the complaint. See, e.g., Geer v. Bennett, 237 So.2d 311 (Fla. 4th DCA 1970).
Although the trial court did not set forth any specific reason in its order dismissing appellant's complaint with prejudice, we are of the opinion that the trial court acted correctly because, under the facts alleged, appellee owed no duty to appellant in regard to her injuries sustained on the premises of Tom Gaskins's Cypress Knee Museum. It was neither alleged that appellee owned the Museum nor had any right or duty to control, operate, maintain, or care for it. Further, it was neither alleged that appellee furnished a tour director, guide, or in any way assumed responsibility for appellant's welfare on the premises nor were these duties advertised in any brochure, etc., upon which appellant relied. Here, appellant alleged that she had left appellee's bus and was on the Museum premises when she was injured. She also alleged that the injury was due to a dangerous condition existing on the Museum premises. For a cause of action to exist against appellee, there must have been some showing of negligence on its part; here, there was none. Under these circumstances, it is clear that appellee owed no duty to appellant in regard to the injuries which she sustained. See, e.g., Kenan v. Houston, 150 Fla. 357, 7 So.2d 837 (1942); and Carlton v. Miami Transit Co., 147 So.2d 581 (Fla. 3d DCA 1962). Compare Stevenson v. Four Winds Travel, Inc., 462 F.2d 899 (5th Cir.1972).
In the light of our determination above, we believe that the trial court properly dismissed appellant's complaint; however, we are of the opinion that the dismissal should not have been with prejudice. Accordingly, the order appealed is affirmed, except to the extent that the dismissal was with prejudice it is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded.